## Elon G. Parsons v. The People.

*Evidence: Competency of husband or wife as witnesses in criminal proceedings for adultery.* The fact that a criminal proceeding for adultery must be commenced by the husband or wife of one of the guilty parties, does not make the complainant a party to the case; the People and the defendant are the only parties. *Section 4342 Comp. Laws,* (as amended Laws of 1861, p. 169) which declares that the husband and wife shall not be competent to testify in a proceeding instituted by the husband or wife in consequence of adultery, does not apply to criminal proceedings.

*Heard October 5. Decided October 18.*

Error to Branch Circuit.

Parsons was charged on the complaint of William F. O'Rourke, before a Justice of the Peace, with having committed the crime of adultery with one Sarah M. O'Rourke, she then being the lawful wife of the complainant. Subsequently the Prosecuting Attorney for Branch County filed an information against Parsons for the same offense, on which he was arraigned and pleaded not guilty.

On the trial the prosecution produced as a witness Sarah M. O'Rourke, the wife of the complainant, William F. O'Rourke. The defendant objected to her being sworn and examined as a witness against him, because she was the wife of the said complainant, and that the laws of the State of Michigan prohibit a wife from being a witness in any action or proceeding instituted by the husband in consequence of adultery. The Circuit Judge overruled the objection and allowed the witness to be sworn, to which the counsel for the defendant excepted.

The defendant was convicted, and after sentence he brings the record into this Court by writ of error; the assignment of error being that the Court below permitted the witness, Sarah M. O'Rourke, wife of the complainant, William F. O'Rourke, to be examined as a general witness against the respondent upon said trial, without his consent and against his objection.

*C. B. Pratt* and *C. A. Stacy*, for plaintiff in error.

1. At common law neither husband nor wife was admissible as a witness in a cause civil or criminal, in which the other was a party.—*1 Greenl. Ev.,* § *334; Stein v. Bowman, 13 Peters, 223; Davis v. Dinwoody, 4 Durnford & East, 678.*

2. Even in a civil case, brought by the husband, for criminal conversation with wife, she could not be a witness for the husband, though it has been held in some of the states, she might be a witness for him in such a case after a divorce from the bonds of matrimony.—*Dickerman v. Graves, 6 Cush., 308; Ratcliff v. Wales, 1 Hill, 63.*

3. But the question here is, What is the rule adopted by our statute? A statute is the declared will of the legislative power. If its language is plain and unambiguous, there is no room for construction, and when an act is conceived in clear and precise terms, when the sense is manifest, and leads to nothing absurd, there can be no reason to refuse the sense which it naturally presents.— *Jackson v. Lewis, 17 Johns., 477; Newell v. The People, 7 N. Y., 97; The People v. N. Y. C. R. R. Co., 13 N. Y., 78; Purdy v. The People, 4 Hill, 384; 25 Maine, 493.*

Apply these principles to our statute.—*2 C. L.,* § *5858;* § *4339,* as amended in 1861; *Laws 1861, p. 168,* § *1;* § *4342; Laws 1861, p. 169,* § *4.* The law of 1869, page 150, amends this section but does not change it in this regard, but leaves it as by the law of 1861.

There may be three different actions or proceedings instituted by the husband or wife in consequence of adultery: 1. A bill for divorce. 2. A civil action on the case for damages. 3. A criminal prosecution for adultery, under § *5858, C. L.,* above cited.

The word *institute,* in the law of 1861, means the same

thing as the word commence, in *C. L.*, § *5858.—1 Bouvier Law Dictionary, 643.*

*Dwight May, Attorney General,* for defendant in error.

I. The wife in this case was clearly a competent witness. (*a*) The statute refers to a *civil* action or proceeding where the husband and wife are parties against each other. The wife is in no legal sense a party—she is simply a witness called by the people to prove a fact. (*b.*) Nor is the suit, in any legal sense, *instituted* by the husband against Parsons. While it is true that the complaint in this class of cases must be made by either the husband or wife (§ *5858, Comp. Laws*), it does not follow that either institute the suit or have any control over it. The People prosecute; they institute the suit in this class of cases the same as in every other class. There must be a complaint made by some person in every case before a warrant for arrest issues. The only difference in this class of cases is, that the statute names the person who must make the complaint. (*c*) Nor would the policy of the law exclude her from testifying in the case. All her disclosures are outside the marital relation. The only cases in our reports having any bearing upon this question are: *People v. Thomas, 9 Mich., 314; Grimm v. The People, 14 Mich., 300.*

II. Perhaps it may be said that the husband could not make a complaint against Parsons without including his wife in the same proceedings. § *5858, Comp. Laws,* is sometimes relied upon to sustain this position. Under a similar statute in Iowa it is expressly held that the husband may make complaint against the man committing adultery with the wife of the complainant.—*The State v. Wilson, 22 Iowa, 364.*

CAMPBELL, CH. J.

Plaintiff in error, having been convicted of adultery, alleges as error that the wife of the complainant was allowed to give testimony against him.

He relies on the latter clause of § *4342 of the Compiled Laws* (*amended in L. 1860, p. 169, and L. 1869, p. 150*) which declares that "*in any action or proceedings, instituted by the husband or wife in consequence of adultery, the husband and wife shall not be competent to testify.*" In connection with this he refers to § *5858*, which provides that "*No prosecution for adultery shall be commenced but on the complaint of the husband or wife.*"

As the former section forms part of a series of provisions intended to remove most of the old incapacities of witnesses, it may be best understood by considering the changes actually made, in the light of the old law.

By the common law neither husband nor wife could be examined as witnesses for or against each other when either was an actual party to the litigation, whether civil or criminal. Neither could, without the consent of the other, disclose matters learned through the confidence of the marriage relation, and there were many cases (and perhaps it was true in most) where neither could testify against the interests or reputation of the other, even when not a party. But this last rule was by no means universal, and in most collateral inquiries, where the judgment could not bind the husband or wife of the witness in any way, the general rule was that such evidence was not to be excluded. And when excluded it was usually because it was against the interest of the husband or wife of the witness, or calculated to create domestic discord. When the testimony merely told against the witness, and the other did not object, there was no exclusion generally, unless at the

instance of the witness declining to answer privileged questions.—*1 Greenl. Ev.*, § *342; 1 Phil. Ev.* (*Edw. Ed.*), *84, 85, and notes*. Without going at large into the cases concerning other facts, it is laid down with almost entire agreement that there is no legal impediment to the wife's proof that she has been guilty of adultery, when the question arises in bastardy cases. These decisions began early and have never been departed from. The English and American cases are referred to in *Greenl. Ev.*, § *344 and notes*, and *1 Phil. Ev., 78, 87, 95, and notes*. The same principle has been recognized and enforced in proceedings against the adulterer in *Com. v. Wentz, 1 Ashmead, 269; Com. v. Shepherd, 6 Binney, 283; State v. Crowley, 13 Ala., 172;* and in *Van Cort v. Van Cort, 4 Edw. Ch. R., 621,* a husband was allowed, in a case where the wife of another had sued her husband for adultery, to prove the act to have been done with the wife of the witness. The Court held that as neither was a party there was no consideration to prevent it, unless adultery was a criminal offense; and as there it was not punishable criminally, the proof was held competent. In *Ratcliff v. Wales, 1 Hill, 63,* and in *Dickerman v. Graves, 6 Cush., 308,* a divorced wife was allowed as a witness in an action by her husband against her seducer for damages. The cases which, contrary to the weight of authority, hold the evidence of husband and wife inadmissible for such purposes, in suits to which they were not parties, have usually been those, where the exclusion was put on the grounds of domestic peace, which of course could not apply where the witness was examined by consent, and which would not properly justify such an objection from a third party.

The present case would come within the course of decisions above referred to, unless the statute has created some new rule of exclusion. But when we consider it care-

21 MICH—M².

fully, we can find no such intent. On the contrary, we find provisions which would render even the decisions which have gone furthest in the exclusion of such testimony, inoperative. It may be remarked that none of them have any bearing on the section authorizing the injured party to make the complaint. They all rest on other grounds.

All of the adverse decisions are rendered inapplicable by §§ *4339 and 4342*, which remove marital disabilities in all cases civil and criminal, simply providing that neither husband nor wife shall be examined for or against the other without his or her consent. This leaves the only question to be determined, whether the proceeding by criminal process against the adulterer is a proceeding instituted by the husband, within the meaning of this statute.

It is not presumable that a statute intended to remove disabilities would add new ones—still less can this be allowed, when the disabilities removed cover all the grounds which ever were supposed to justify the exclusion supposed to be retained and enlarged. And neither the language of the statute nor its history will justify this presumption.

A criminal proceeding may be commenced at the instance of private complainants in most cases, and the fact that in prosecutions for adultery they must be so commenced, does not make the complainant a party in the one case more than in the other. The complainant is no more than a complaining witness, and he can neither compel the magistrate, or grand jury, or prosecuting attorney, to sustain the charge, nor assume control of the prosecution when begun. The People and the defendant are the only parties, and it is a stretch of terms to say that the action is instituted by the injured person.

It has always been an aim of the law to favor the introduction of the most direct and satisfactory proof,

unless some ground of public policy opposed it. But to hold that a statute was designed at the same time to remove all objections of policy, and then shut out the best evidence, is not reasonable.

Moreover, we borrowed this statute to a considerable extent from *14 & 15 Vic., Chap. 99*, and while we have enlarged the exemptions as to husband and wife beyond that act, yet in the excepting section under consideration we have introduced language not required in England to exclude criminal cases, but necessary here for that purpose, and not necessary at all unless that purpose was entertained. By the English law husbands and wives could not give evidence for or against each other in any criminal case. Our statute has removed this disability at the option of the parties. The English statute declared that "nothing herein contained shall apply to *any action, suit or proceeding, or bill, in any court of common law, or in any ecclesiastical court, or in either house of Parliament, instituted in consequence of adultery, or to any action for breach of promise of marriage.*"—*1 Ph. Ev., XV.* This was in England confined to civil proceedings for adultery instituted by husband or wife, because there no criminal liability exists. If we had adopted this section as there enacted, it might have been supposed to include criminal prosecutions also, and if this had been the object of our Legislature, no change was needed in the language. But they changed it by confining the exclusion to actions and proceedings "*instituted by the husband or wife,*" and the only possible object for such a change was to leave the clause, as in England, confined to civil proceedings.

We think the Court below committed no error in receiving the testimony. The judgment must be affirmed.

The other Justices concurred.