[No. 20192.  In Bank. — August 26, 1886.]

## THE PEOPLE, Respondent, v. JUNG QUNG SING, Appellant.

Criminal Law — Murder — Pronouncing Judgment — Preliminary Requirements. — The defendant was convicted of murder in the first degree. When he appeared for judgment, the court informed him of the information presented against him for the crime of murder, of his arraignment and plea of not guilty, of his trial and the verdict finding him guilty of murder in the first degree. He was then asked whether he had any legal cause to show why judgment should not be pronounced against him, and having replied in the negative, was sentenced to be hanged. *Held*, that the requirements of section 1200 of the Penal Code were sufficiently complied with.

Id. — Presence of Defendant upon Return of Verdict — Record when Sufficiently Shows. — The record in a prosecution for felony sufficiently shows that the defendant was present in court when the verdict against him was received, if it recites that the parties and their attorneys were present at every stage of the proceedings, and that upon the discharge of the jury the defendant was remanded to the custody of the sheriff.

Appeal from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*M. E. Power,* and *C. L. Witten,* for Appellant.

*Attorney-General Marshall, Howell C. Moore,* and *D. W. Burchard,* for Respondent.

McKEE, J.—This is an appeal from a judgment of conviction of murder in the first degree.

It is assigned as error that the judgment pronounced against the defendant is not in conformity with section 1200 of the Penal Code, which reads: "When the defendant appears for judgment, he must be informed by the court, or by the clerk under its direction, of the nature of the charge against him, and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him."

According to this law, a defendant, under conviction in a criminal action, before judgment can be legally pronounced against him, is entitled to be informed of the nature of the charge against him, and of the verdict of conviction upon which the sentence of the law has to be pronounced, so that he may have an opportunity of exercising his right to show cause against pronouncing judgment. If the court should pronounce judgment without giving defendant the required information in the mode prescribed by the law, the judgment pronounced would be irregular and voidable. The right of a defendant under conviction to be informed before judgment of the proceedings against him which have resulted in his conviction is therefore a substantial right.

But there was no denial of the right in this case. The judgment recites:—

"The district attorney, with the defendant and his counsel, M. E. Power and C. L. Witten, Esqs., came into court. The defendant was duly informed by the court of the information presented against him for the crime of murder on the twenty-seventh day of October, 1885, of his arraignment and plea of not guilty, of his trial,

and the verdict of the jury on the twenty-seventh day
of January, 1886, 'guilty of murder in the first degree.'
The defendant was then asked if he had any legal cause
to show why judgment should not be pronounced against
him, to which he replies that he has none. And no suffi-
cient cause being shown or appearing to the court, there-
upon the court renders its judgment.

"That whereas the said Jung Qung Sing having been
duly convicted in this court of the crime of murder in
the first degree, it is therefore ordered, adjudged, and
decreed that judgment of death be and is hereby pro-
nounced and entered against the said defendant, Jung
Qung Sing, and that he be by the sheriff of Santa Clara
County, at the place provided by law, hanged by the
neck until he be dead. The defendant was then re-
manded to custody."

It is said these recitals are insufficient to show that
the defendant was properly informed of the *nature* of
the charge against him, or that he was asked if he had
*any cause* to show why judgment should not be pro-
nounced against him. But the statement by the court
of the specific crime with which defendant was charged,
and of which he had been convicted, was sufficiently
explicit as to the nature of the charge and the con·
viction, as preliminary to the question by which the
defendant was asked if he had any legal cause to show
why judgment should not be pronounced. Unless there
exist some legal cause against pronouncing judgment,
the court was bound to proceed. (Pen. Code, secs. 1201,
1202.) The question which the court asked of the de-
fendant was in the exact form prescribed by the law.
And the judgment pronounced is according to law.

The next assignment of error is, that the record no-
where states that the defendant was present in court
when the verdict was received.

There is no doubt that in case of felony a verdict re-
ceived in the absence of the defendant would be void.

(Penal Code, sec. 1148; *People* v. *Beauchamp*, 49 Cal. 41.) The defendant must therefore be personally present when the jury render their verdict. But the record of the case shows that "the parties" and their attorneys appeared at every stage of the proceedings from the day that the cause was called for trial until the verdict was received and the jury discharged. And as the "parties" to a criminal action are the people on the one hand and the defendant on the other, it must be presumed that the defendant was personally present. Besides, the entry on the minutes of the court as to the return of the verdict shows that when the verdict as announced was entered and read to the jury the court ordered the jury discharged, and the defendant remanded to the custody of the sheriff, which was done.

It is not claimed that the trial was had in the absence of the defendant. No motion for a new trial was made on that ground under section 1181 of the Penal Code. Moreover, the amended record, filed upon a suggestion of diminution of the record, shows conclusively that the defendant was personally present at all times during the trial of the cause; therefore the assignment of error is not true.

The motion to strike from the files the amended record must be denied and the judgment affirmed.

It is so ordered.

MORRISON, C. J., THORNTON, J., SHARPSTEIN, J., McKINSTRY, J., and MYRICK, J., concurred.

Ross, J., concurred in the judgment.