Argued April 14, reversed April 21, 1914.

## STATE v. McDANIEL.

(140 Pac. 993.)

**Criminal Law—Reception of Evidence—Restriction to Special Purpose.**

1. On a trial of two defendants for murder, the refusal to restrict evidence of declarations made by one of them after the murder in the absence of the other to the declarant is error.

[As to admissibility of confession of third person in criminal case, see note in Ann. Cas. 1913E, 723.]

**Criminal Law—Trial—Presence of Defendant.**

2. The trial court has the power to make a *nunc pro tunc* order in the absence of defendant for the entry in the journal of a record of a verdict of conviction, but the practice is not to be commended.

[As to necessity of the presence of the accused in trial of criminal case, see notes in 28 Am. Dec. 629; 68 Am. Dec. 219.]

**Criminal Law—Record—Presence of Defendant.**

3. The record case should affirmatively show that defendant was present when a verdict of conviction was received.

From Crook: WILLIAM L. BRADSHAW, Judge.

Department 1. Statement by MR. CHIEF JUSTICE McBRIDE.

The defendant, Gaylord McDaniel, was indicted and tried jointly with Fannie C. Poch for the murder of Herman Poch. Upon the trial evidence was offered of certain declarations and admissions of Fannie C. Poch, which were made after the killing, but not in the presence of McDaniel, tending to incriminate herself and her codefendant. The defendant McDaniel objected to this testimony as affecting himself, and moved that the statements should be withdrawn from the jury so far as they affected him; but both the objection and the motion were overruled by the court. The jury returned a verdict of guilty of murder in the second degree against him and acquitted Mrs. Poch. The verdict was received and filed, but not recorded, and

the defendant was sentenced to imprisonment for life. Subsequently, and at the next term, a *nunc pro tunc* order was made by the court in the following language:

"In the Circuit Court of the State of Oregon for Crook County.

"The State of Oregon,

Plaintiff,

v.

Gaylord McDaniel and Fannie C. Poch,

Defendants.

"Now at this time this case coming on for hearing, for an order to have the journal entry of the return of the verdict of the jury in the above-entitled case entered in the journal of this court as of the 21st day of May, 1913, the day on which it was returned into court by the jury, and it appearing to the court that the jury in the above-entitled case returned its verdict into court on the 21st day of May, 1913, and was filed therein on said day, that the clerk by oversight neglected to enter the same in the journal of this court on said day or at all. It is therefore ordered and adjudged by the court that an entry of the return of said verdict of said jury in the above-entitled case be entered now as of the 21st day of May, 1913, in the journal of this court, by the clerk.

"Dated this 14th day of June, 1913.

"W. L. BRADSHAW, Judge.

"Be it remembered that at a regular term of the Circuit Court of the State of Oregon, for the county of Crook, begun and held at the courthouse, in Prineville, in said county and state, on Monday the 5th day of May, A. D. 1913, the same being the first Monday in said month and the time fixed by law for holding a regular term of said court, when were present: The Hon. W. L. Bradshaw, Judge, Presiding; W. A. Bell, District Attorney; Warren Brown, Clerk; Frank Elkins, Sheriff. When, on Wednesday the 21st day of May, A. D. 1913, or the fifteenth judicial day of said

term, among others, the following proceedings were had to wit:

"State of Oregon,

Plaintiff,

v.

Gaylord McDaniel and Fannie C. Poch,

Defendants.

"Now, on this 21st day of May, 1913, comes on this cause to be heard, the jury heretofore impaneled and sworn, return into open court their verdict, which reads as follows, to wit:

" 'In the Circuit Court of the State of Oregon for the County of Crook.

" 'State of Oregon,

Plaintiff,

v.

Gaylord McDaniel and Fannie C. Poch,

Defendants.

" 'Verdict.

" 'We, the jury impaneled in the above-entitled cause, find the defendant Gaylord McDaniel guilty of murder in the second degree and the defendant Fannie C. Poch not guilty as charged.

" 'C. R. McLALLIN, Foreman.'

"Said verdict was read in open court and ordered filed by the clerk. Whereupon the defendant Gaylord McDaniel was remanded to the custody of the sheriff of Crook County, Oregon, and the jury was discharged from further consideration of the case."

REVERSED.

For appellant there was a brief over the names of *Mr. N. G. Wallace* and *Mr. George L. Bernier,* with an oral argument by *Mr. Wallace.*

For the State there was a brief over the names of *Mr. Willard H. Wirtz,* District Attorney, and *Mr. Wells A. Bell,* with an oral argument by *Mr. Wirtz.*

Opinion by Mr. Chief Justice McBride.

1–3. The court erred in refusing to restrict the evidence of the declarations of Mrs. Poch made after the killing and not in the hearing of her codefendant. Declarations of an alleged conspirator made after the termination of the conspiracy are not admissible against a co-conspirator: 8 Cyc. 680 B, and cases there cited. A conspiracy is in the nature of a criminal partnership to do an unlawful act, and as in cases of ordinary partnerships each partner is bound by the acts and declarations of his fellow partners made or done in furtherance of the common object; so in conspiracy each conspirator is bound by the acts, declarations and admissions made by a fellow conspirator before the termination of the conspiracy, but, when the unlawful object has been accomplished, the conspiracy is at an end—the criminal partnership is dissolved—and no member of it can bind the others by his own acts, admissions, or declarations. The court should have expressly directed the jury that, while the evidence in question might be considered as against Mrs. Poch, it could not be considered as tending to prove anything against defendant McDaniel. While we are of the opinion that the court had a right to make the *nunc pro tunc* order in the absence of the defendant, it is a practice not to be commended. Neither the *nunc pro tunc* order nor the record of conviction or judgment shows that the defendant was present when the verdict was received. This was a grave irregularity, to say the least. The defendant had a constitutional right to be present at every stage of the proceedings, and the record should affirmatively show that he was present: 12 Cyc. 686, and cases there cited; Bishop, New Criminal Procedure, § 1001; *State* v. *Walton,* 50 Or. 142 (91 Pac. 490, 13 L. R. A. (N. S.) 811); *People* v. *Jung Qung Sing,* 70 Cal. 469 (11 Pac. 755). While

we are not prepared to say, in the absence of a statute requiring the presence of a defendant to be noted, that a failure to record the fact of his presence would render the trial nugatory, yet the practice of doing so has been so nearly universal and immemorial that it is better not to deviate from it.

Other objections are urged, but we deem them without merit.

The admission of the declarations of Mrs. Poch without limitation of their effect was so prejudicial to defendant that it necessitates a reversal of this case.

The judgment will therefore be reversed and a new trial granted.        REVERSED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.