(No. 2799. April 22, 1924.)

STATE v. TRUJILLO et al.

SYLLABUS BY THE COURT.

1. A record may be amended to show the proper organization of the grand jury, and the return of an indictment by it into open court, in the absence of the defendant, but upon notice to his counsel.

2. Such record may be so amended upon the personal recollection of the judge, aided by such official memoranda as may be available.

Appeal from District Court, Taos County; Leib, Judge.

Benjamin Trujillo and others were convicted of murder, and they appeal. Affirmed.

Renehan & Gilbert, of Santa Fe, for appellants.

Milton J. Helmick, Atty. Gen., and J. W. Armstrong, Asst. Atty. Gen., for the State.

OPINION OF THE COURT.

PARKER, C. J.   On June 25, 1921, we handed down an opinion affirming the judgment in case No. 2451, 227 Pac. 759.   In that opinion we held that, while the record was technically defective in failing to show clearly and affirmatively that the indictment in this case was returned in open court by the grand jury, and that the grand jury had been duly selected, impaneled, sworn, and charged, there was sufficient in the record to justify the presumption that such was the case, and we refused to reverse the case on these grounds.   A motion for rehearing was filed, and is still pending.   In the meantime, upon application of the state, the record in the court below has been amended to show the facts as follows:

"It having been brought to the attention of the court that the journal of this court fails to show all of the proceedings had in this court in connection with the return of the indictment in the above-entitled cause, and the personal recollection of the court being refreshed by an inspection of the court docket showing the entry of arraignment of the defendants in the handwriting of the court, and the court being fully advised in the premises and being satisfied that the journal of the court should be corrected so as to show the proceedings had in this court in connection with the return of the said indictment:

"It is therefore hereby ordered that the said journal of the court be amended to show, in conformity of the fact, as follows:

"That on the 5th day of June, 1918, in open court the grand jury, duly impaneled, charged and sworn at the June, 1918, term of this court, returned the indictment heretofore filed in this cause; that the said indictment was received in open court by the judge of said court and was ordered to be filed by the clerk.   To all of which defendants, being represented by counsel, duly except.

"Dated Nunc Pro Tunc, June 5th, 1918.
"Done at Raton, New Mexico, July 14, 1922.

"Thos. D. Leib, District Judge."

The cause is here on appeal from this order.

[1] 1.   Appellants argue that the court had no

power to make the order.in the absence of the defendants. They cite some Arkansas cases which seem to support the contention. But in this connection it is to be remembered that the right on the part of the defendant to be personally present exists only when some essential thing is done against him. 1 Bish. New Cr. Proc. §§ 265-269. The action here taken was to spread upon the journal of the court a record of the fact that the grand jury had been regularly organized and had returned the indictment into open court. The record of these facts in the first instance, if it had been made when they occurred, was a matter in which the defendant had no interest and no opportunity or occasion to be heard. It was a matter in which the court alone was concerned to the end that a proper memorial might be preserved of the doings of the court. It is further to be observed that the appellants have not asserted that, as a matter of fact, the grand jury was not regularly organized and did not return the indictment into open court. They simply say that the record did not show these facts. Had the proposition been presented that these facts did not exist, different considerations would be pertinent. But, it being admitted, because undenied, that these facts did exist, it is entirely nonessential to the appellants in their defense whether the journal records the same or not. It follows that the record might be corrected upon notice to appellants' counsel, but without the personal presence of appellants, as was done. See 16 C. J., "Criminal Law," § 2068; McNamara v. State, 60 Ark. 400, 30 S. W. 762; Camp v. State, 91 Ga. 8, 16 S. E. 379; State v. Westfall, 49 Iowa, 328; State v. Thomas, 111 La. 804, 30 South. 914; Philips v. State, 10 Okl. Cr. 353, 136 Pac. 776; State v. McDaniel, 70 Or. 232, 140 Pac. 993; People v. Ormsby, 48 Mich. 494, 12 N. W. 671; Territory v. Chenowith, 3 N. M. 318, 5 Pac. 532. The New Mexico case above cited involved the hearing and deciding of a motion for a new trial in the prisoner's absence, as do some of the other cases; but the principle involved is the same as in this case. The real reason for the rule requiring the presence of the defendant in court is that, if present, he might be able to say or do something in his defense which might control or modify the court's action. But in a matter of this kind he could,

as a defendant, know nothing about the matter of any concern to the court. He was not a defendant before the court at the time of the occurrence, and had no interest to subserve by being present.

[2] 2. Counsel for appellants argue that the record was amended upon improper evidence. We have recently considered this proposition in Ojo Del Espiritu Santo Co. v. Baca, 28 N. M. 509, 214 Pac. 768, reviewing all of the New Mexico cases. In that case we recognized that we have a minority doctrine here, and it is that a judge may amend a record upon his own recollection, refreshed and supplemented by such official memoranda as may be available under the circumstances. In that case the question was whether one counsel had waived notice of the settling of the bill of exceptions, the record as first made up tending to so show. The judge amended the order settling the bill so as to show that there was no waiver; but, on the other hand, there was a direct claim of want of notice. In the case at bar there was a report of the grand jury on file showing the return of nine true bills after having been in session continually since June 3, 1918, and on June 5, 1918, the filing of the indictment in the clerk's office, and a memorandum in the judge's handwriting showing arraignment and plea on said June 5, 1918. The judge certifies that from an inspection of this memorandum his recollection is refreshed and that the grand jury was duly organized, sworn, and charged, and that they returned the indictments. These facts clearly authorized the court to amend the record under the doctrine of our former cases.

Counsel seek to draw a distinction to the effect that this was not in fact an amendment of an erroneous record, but was the making up of a record which had never before existed, citing Gagnon v. U. S., 193 U. S. 451, 24 Sup. Ct. 510, 48 L. Ed. 745. That case is clearly distinguishable. That case was really decided upon the lack of evidence. The declaration of intention to become a citizen was alleged to have been made in another court, in another state, and the territorial court which was alleged to have granted naturalization had been abolished, and a state court had been substituted in its place, and no memoranda of any kind

existed. These were the considerations which moved the court to deny the power to make up the record. The case does not hold that before the same judge in the same court, there being some memoranda which refreshes the judge's recollection, the record could not be amended to show on the journal the rendering of the judgment.

It follows from all of the foregoing that the judgment should be affirmed; and it is so ordered.

BRATTON and BOTTS, JJ., concur.