**UNITED STATES v. FOLLETTE.**

No. 7689.

District Court, E. D. Pennsylvania.

May 15, 1940.

J. Cullen Ganey, U. S. Atty., of Philadelphia, Pa., for plaintiff.

A. Lincoln Meyers, of Philadelphia, Pa., for defendant.

MARIS, Circuit Judge.

By indictment in this court the defendant was charged with embezzlement and conversion of $203.99 of United States postal funds. She entered a plea of guilty

to this charge. At the time of sentence it appeared that the National Surety Corporation, surety on the defendant's bond, had paid $466.28 to the United States to make good the embezzlement charged in the indictment as well as other embezzlements of postal funds amounting to $262.29. I sentenced the defendant to three months' imprisonment but suspended the execution of the sentence and placed her on probation for a period of two years upon condition, inter alia, that she make restitution of $466.28 to the National Surety Corporation. At the expiration of the probationary period she had been able to pay but $154.50. The chief probation officer of this court has reported that, in his opinion, the defendant has earnestly endeavored, to the full extent of her ability, to meet the condition imposed upon her, and he petitions the court to extend her term of probation for a further period of three years upon the same conditions.

I am persuaded, upon consideration of the circumstances, that the petition should be granted. Two questions which were not presented when the original sentence was imposed have now been raised and must, therefore, be considered and decided.

■ The first of these questions is whether the court has power to impose as a condition of probation restitution to the defendant's surety of sums which it has paid in making good the defendant's defalcations. The power of federal courts to suspend the execution of sentence and

admit a defendant to probation is conferred by the federal Probation Act.[1] It will be seen from the last paragraph of section 1 of the act, 18 U.S.C.A. § 724, that when restitution is made a condition of probation it may only be ordered to be made to an "aggrieved party" and "for actual damages or loss caused by the offense for which conviction was had." Although the first paragraph of the section authorizes the courts to place defendants on probation "upon such terms and conditions as they may deem best," I think it clear that this general language is limited by the later specific provision so far as restitution is concerned.[2]

The question, therefore, resolves itself into whether a surety is an "aggrieved party" within the meaning of the act, so that an order of restitution may properly be made in its favor.

■■ Strictly speaking the word "party" as used in a criminal prosecution is intended to designate the Government and the defendant.[3] According to this literal definition there could never be an aggrieved party other than the Government. If the word as used in the Probation Act should be thus strictly defined the provision permitting restitution would be very greatly restricted in its scope since the only restitution which could be ordered would be to the Government. I think that if Congress had intended to limit restitution to the United States it would have said so specifically. I conclude that it used the

---

[1] 18 U.S.C.A. § 724:

"The courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation in the manner aforesaid. The court may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years.

"While on probation the defendant may be required to pay in one or several sums a fine imposed at the time of being placed on probation and may also be required to make restitution or reparation to the aggrieved party or parties for actual damages or loss caused by the offense for which conviction was had, and may also be required to provide for the support of any person or persons for whose support he is legally responsible."

[2] City of Tulsa v. Southwestern Bell Telephone Co., 10 Cir., 75 F.2d 343, certiorari denied 295 U.S. 744, 55 S.Ct. 656, 79 L.Ed. 1690; Swiss Nat. Ins. Co. v. Miller, 53 App.D.C. 173, 289 F. 571, affirmed 267 U.S. 42, 45 S.Ct. 213, 69 L. Ed. 504; Commonwealth v. Lehigh & N. E. R. R. Co., 268 Pa. 271, 110 A. 725; Davis' Appeal, 314 Pa. 357, 172 A. 399.

[3] People v. Jung Qung Sing, 70 Cal. 469, 11 P. 755; Parsons v. People, 21 Mich. 509.

word "party" in the colloquial sense of person. The use of both singular and plural form in the phrase "party or parties" to my mind conclusively demonstrates that reference to the United States alone was not intended. In my opinion the phrase "aggrieved party or parties" includes within its scope such persons as the owner of the contents of a letter stolen from the mail, the person defrauded by a scheme involving the use of the mails, the bank from which funds have been embezzled, and the innocent person to whom a counterfeit note has been passed. Each of these persons has been directly and financially aggrieved by the criminal acts of the defendants involved.

■ I think that a surety upon a fidelity bond given by a defendant to protect against his criminal acts is in the same position. While it may well be that the surety has voluntarily for a consideration contracted to answer for the defendant's criminal default, it is nevertheless entitled to assume that its principal will not transgress the law and that even if he does he will make good his default pursuant to his obligation as principal in the bond. If he fails in both respects his surety is unquestionably "aggrieved" since it is required to make good his default. It follows that it is an "aggrieved party" within the meaning of the Probation Act since its financial loss is caused directly by the offense for which conviction was had. Consequently the court has power under the Probation Act to require the defendant as a condition of probation to make restitution to the surety for the latter's loss. Whether this restitution should be made directly to the surety or through the office of the chief probation officer of this court is a matter for the court's discretion. In the present case I direct that restitution be made by the defendant directly to the surety in such periodic installments as she is reasonably able to make, the defendant reporting to the chief probation officer the amounts paid from time to time on account of restitution. If at any time it shall appear that the defendant has failed to make such payments on account of restitution as she is reasonably able to make, the chief probation officer will at once report the facts to me.

The second question for my consideration relates to the amount of the restitution which may be required. It is said that the court does not have the power to order restitution in an amount greater than the amount involved in the particular offense for which the defendant has been indicted. Whereas great latitude is given by the act to the judge to fix such terms and conditions as to him may seem best, [4] his right to order restitution may only be "for actual damages or loss caused by the offense for which conviction was had." It seems to me that just as a court which is given the power to impose a fine may do so only within the limits fixed by the penal statute, so the order to make restitution must be kept within the limits set in the phrase just quoted.

■ In the present case the offense charged in the indictment to which the defendant pleaded guilty and "for which conviction was had" was the embezzlement and conversion of $203.99. A conviction for embezzlement and conversion of a greater sum could not have been had on this indictment. I conclude, therefore, that the condition for restitution in this case must be modified so as to relate to the embezzlement of $203.99 only, credit being given for the partial restitution heretofore made.

My conclusion is supported by the decision of the Supreme Court of New York in People v. Funk, 117 Misc. 778, 193 N.Y.S. 202. In that case the defendant was convicted of stealing $3.80 from her employer. It was computed by the employer that the defendant had actually stolen about $1,500.00 over a period of years. The New York statute [5] permits the inclusion of a restitution order as a condition of probation. It reads "to make restitution or reparation to the aggrieved parties in an amount to be fixed by the court, not to exceed the actual losses or damages caused by his offense." The defendant promised to make restitution of $1,500 if she were not given a prison sentence, and the court placed her on probation on that condition. After having made a few payments she requested reconsideration of the terms of the probation. It was held that the court had no power to order restitution for more than $3.80. The court said "I take it that the words 'his offense' mean only the offense for which the defendant is on trial before the court, and cannot be stretched

---

[4] Hollandsworth v. United States, 4 Cir., 34 F.2d 423.

[5] N.Y.Code Cr.Proc. §§ 932, 483(2).

to cover similar offenses committed by the defendant against the same party or various parties."

An order will be entered extending the defendant's probation for a period of three years from December 30, 1939, upon condition that she make restitution directly to the National Surety Corporation of the sum of $49.49 in such periodic installments as she is reasonably able to make.