**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Cyrus HUSSONG, Defendant-Appellant.**

**No. 84–2333.**

United States Court of Appeals,
Tenth Circuit.

Dec. 2, 1985.

Douglas W. Curless, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., with him on brief), for plaintiff-appellee.

Frank J. Woodrow, Woodrow, Roushar & Carey, Montrose, Colo., for defendant-appellant.

Before HOLLOWAY, LOGAN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is an appeal from the affirmance of the United States District Court for the District of Colorado of a condition of probation imposed by a federal magistrate under the Probation Act, 18 U.S.C. § 3651. Defendant was convicted of placing six hunters on federal land without obtaining a permit to do so, and giving false information to a National Forest System officer.

As a condition of probation defendant was required to pay each of the hunters $650 as restitution. Defendant appeals this condition of probation.

Defendant Cyrus Hussong conducts a guide and outfitting business for hunters from his home in Montrose, Colorado. Defendant rents equipment to hunters and packs their gear in and out of hunting locations that he selects. Often the hunting locations are on federal land. Federal regulations require an outfitter to obtain a permit prior to placing hunters upon land administered by the National Forest System. 36 C.F.R. § 261.10(c).

Defendant placed six hunters in the High Mesa area on National Forest System land in November of 1983. He had not obtained a permit to do so. When asked by a Forest System official if he had any hunters in the High Mesa area, defendant replied that he did not. Forest System officers then discovered the hunters, and informed them that they had to leave.

Defendant was charged with two counts of violation of regulations promulgated under 16 U.S.C. § 551. The two counts were outfitting without a permit in violation of 36 C.F.R. § 261.10(c) and giving false information to a forest service officer in violation of 36 C.F.R. § 261.3(b). Defendant pleaded guilty to the first count and was convicted of the second in a trial before Magistrate Jill S. Clifton. Defendant was sentenced to 15 days imprisonment on the two counts, and fined $750. Imprisonment was suspended and defendant was given a two-year period of probation. As a condition of probation, the magistrate required Hussong to return to the six hunters the fees the hunters had paid to Hussong for his services. This amounted to $650 per hunter.

Defendant appealed the award of restitution to the United States District Court for the District of Colorado. The magistrate's ruling was affirmed by Judge Zita Weinshienk on August 31, 1984.

Defendant renews in this court his contention that the award of restitution to the six hunters was beyond the power of the magistrate to grant. Defendant has cited several Colorado cases, urging us to consider them as persuasive authority. These cases are entirely inapposite, however, because they are based on the Colorado statute. This case must be decided on the basis of construction of federal law.

The power of the sentencing court to impose restitution as a condition of probation derives from 18 U.S.C. § 3651, which states in pertinent part:

> While on probation and among the conditions thereof, the defendant—
>
> .    .    .    .    .
>
> May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had ...

There is no doubt that this section applies to this case, because § 3651 explicitly applies to "any court having jurisdiction to try offenses against the United States."

Appellant argues that the proper forum in which to adjudicate the hunters' rights against him would be in a civil suit for damages for breach of contract. This argument misses the point. What is in question here is not where the hunters' rights could or should be determined, but whether or not the magistrate could properly require Mr. Hussong to return the hunters' money to them as a condition of probation. This question must be resolved through interpretation of the statutory grant of authority.

According to the words of the statute, restitution may be awarded to "aggrieved parties for actual damages or loss caused by the offense for which the conviction was had." Our first task is to decide whether or not the hunters were "aggrieved parties."

Appellant argues that the United States and the Forest Service were the only "aggrieved parties" in this case. Appellant urges that the hunters were not aggrieved because he offered them various alternatives after the Forest Service ordered them to leave federal land. Appellant would have us hold, in effect, that "aggrieved

parties" is the equivalent of "direct victims."

In support of his argument, appellant cites three federal cases, *United States v. Follette*, 32 F.Supp. 953 (E.D.Pa.1940), *Karrell v. United States*, 181 F.2d 981 (9th Cir.), *cert. denied*, 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950), and *United States v. Clovis Retail Liquor Dealers Trade Association*, 540 F.2d 1389 (10th Cir.1976). In *Follette*, the district court had imposed restitution to a surety as a condition of probation of a convicted embezzler in a case where the surety had been required to make good on a bond protecting against the embezzler's actions. Appellant would have us read *Follette* to limit the construction of the words "aggrieved party" to those who are directly victimized by the crime. In *Follette* itself, however, the court held the surety to be an aggrieved party and ordered restitution, even though the surety's financial loss was based on contractual liability, rather than victimization by the defendant. Thus, rather than support defendant's position, the *Follette* case supports a construction of the words "aggrieved party" to include all those who suffer financial loss as a result of a defendant's crimes.

In the *Karrell* case, a defendant was convicted for knowingly causing false claims to be filed under the Servicemen's Readjustment Act of 1944. The indictment contained seventeen counts, but the defendant was only convicted of six counts. The court ordered the defendant to pay restitution to all seventeen veterans. The Ninth Circuit reversed, holding that restitution could only be ordered to be paid to the six veterans involved in the six counts upon which defendant was convicted.

*Karrell* is simply irrelevant. There is no question in this case that the six hunters were financially aggrieved by defendant's actions. They had each paid defendant $650 for a hunt on National Forest System land which they were unable to undertake because they were ordered off the land by forest system officers. In *Karrell*, the district court transgressed the clear directive of § 3651 that restitution be based on "damages or loss caused by the offense for which conviction was had ...." In the present case, there is no doubt that the hunters' financial loss was caused by their being placed on forest service land by the defendant when he had no permit to do so. Defendant's failure to obtain a permit was precisely "the offense for which conviction was had." *Karrell* is clearly inapposite.[1]

The *Clovis* case involved a conviction under the Sherman Anti-Trust Act of a liquor retailer. As a condition of probation the district court required "restitution" to be paid to the county council on alcoholism. This court reversed, finding that the county council on alcoholism was not an aggrieved party. Unlike the case at bar, in *Clovis* there was no connection whatsoever between the offense for which the conviction was had and the party to whom restitution was ordered to be paid. *Clovis* is thus inapposite for the same reason that *Karrell* is: in the present case the hunters' loss resulted directly from the offense for which defendant's conviction was had.

At oral argument appellant cited one further case in support of his argument that the words "aggrieved party" should be narrowly construed. That case was *United States v. Prescon Corp.*, 695 F.2d 1236 (10th Cir.1982), where this court stated:

Section 3651, in providing, as a condition of probation, restitution or reparation to aggrieved parties for actual damages or losses caused by the offense committed, requires that such funds be directed to the victims (i.e., "aggrieved parties") of the criminal act.

695 F.2d at 1243 (citations omitted). The use of the term "victim" by the court is clarified by the parenthetical phrase "aggrieved parties" directly following it. The language should not be construed to narrow the class of persons to whom the court may properly order restitution to be paid.

As we have stated before, a sentencing judge has broad discretion to im-

pose conditions of probation reasonably related to protecting the public and rehabilitating the defendant. *Prescon, supra,* at 1243; *United States v. Lawson,* 670 F.2d 923 (10th Cir.1982). Nevertheless, this discretion does not allow the sentencing judge to order restitution as a condition of probation beyond the express authorizations contained in § 3651. *Prescon, supra; Clovis, supra.* In this case, we conclude that the magistrate properly found that the hunters were "aggrieved parties" under § 3651 and acted within her discretion in ordering defendant to pay restitution to them. The hunters had each paid $650 to defendant for his services. They received no benefit from their payments to him because they were forced to leave National Forest System land. They were forced to leave the land because defendant had failed to obtain a permit to place them there. Defendant was convicted of outfitting without a permit for placing those hunters on that land. Clearly, these hunters were "aggrieved parties" whose "damages" were "caused by the offense for which conviction was had."

We have considered appellant's other arguments and find them to be without merit.

The judgment of the United States District Court for the District of Colorado is affirmed.