UNITED STATES of America, Appellee,

v.

**Duane Andre WHALON, Appellant.**

**No. 75–1264.**

United States Court of Appeals, Tenth Circuit.

Argued Nov. 13, 1975.

Decided Dec. 18, 1975.

Rehearing Denied Jan. 21, 1976.

---

Robert D. Bradley, Denver, Colo., for appellant.

Daniel T. Smith, Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief), for appellee.

Before LEWIS, Chief Judge, and SETH and DOYLE, Circuit Judges.

SETH, Circuit Judge.

The appellant and two codefendants were indicted in a single indictment with three separate counts charging each with a violation of 18 U.S.C. § 472 for passing an altered Federal Reserve note to a named person, and with a fourth count of conspiracy to pass such altered notes. The conspiracy count was dismissed by the Government at the beginning of the trial. The trial proceeded on the separate counts against each defendant with proof admitted as to the three transactions each involving a separate defendant. A motion for severance had been denied about ten days before trial, and was not thereafter renewed. The jury found appellant guilty, one other defendant guilty, but could not agree as to the third defendant. The appellant, Duane Andre Whalon, has taken this appeal, and the issues raised relate to the identification of appellant as the person who passed an altered Federal Reserve note to Miss Linda Campbell as charged. She was a cashier at the Fox Theater in Boulder, Colorado.

The proof showed that several bills, altered in an identical way, were passed at about the same time at the Fox Theater, the Dairy Queen, and the Flatiron Theater in the same general vicinity in Denver. The proof covered each indictment. An employee of the Flatiron Theater followed the man who passed the bill at the Flatiron Theater, who was accompanied by one of the other defendants, and joined after leaving the theater by the third, to a parked car which the defendants entered. He did not have the individuals in sight at all times, nor the car after they entered it. The police had been alerted in the meantime and this same employee pointed out to the police the car into which the three men had entered. The police followed it a short distance and arrested the three defendants therein. The police returned the three men to the Flatiron Theater where the cashier identified one of the defendants as the person who passed the altered bill to her. The police had also brought there the cashiers from the Dairy Queen and the Fox Theater, and these each identified one of the other defendants as the person who passed a bill to her.

As to the transaction at the Fox Theater, the cashier, Linda Campbell, described how the bill was passed, but stated that she was not able to identify appellant in court. The cashier of the Flatiron Theater identified Ronald Williams as the defendant who passed an altered bill there. The cashier of the Dairy Queen identified the person who passed the bill to her as the second person of three presented for identification by the police shortly after the incident.

Miss Campbell, during the course of the trial, but out of the presence of the jury, testified that shortly after the incident, and when taken to the Flatiron Theater, she identified the third man present for identification by the police officer as the one who passed the bill to her. The officer later in the trial testified that this third man was appellant Whalon, and he was the one identified by Miss Campbell. This testimony was given after first stating that the three were presented in a different order but then correcting himself. No objection was made to the testimony of the officer.

The appellant, the day after his arrest, was taken into custody by Treasury Department agents, advised of his rights, and signed a waiver form. Thereafter he made incriminating statements which led to the issuance of a search warrant and the discovery of additional altered

currency in the car in which he had been arrested.

■ No point is raised on appeal as to the testimony of Miss Campbell. Appellant, however, urges that the officer's testimony as to the identification of appellant by Miss Campbell was hearsay and should have been excluded as plain error. He relies upon *United States v. Dunn,* 299 F.2d 548 (6th Cir.), where the only identification testimony was of the type given here by the officer. It is apparent that the testimony of Miss Campbell given out of the presence of the jury was a clear identification in that it designated the third man as the three were presented to her. It was given at a hearing on appellant's motion to suppress identification evidence. The officer's testimony as to the name of this third man presented was admissible. His statement that the cashier identified the third one as the one who passed the note became cumulative. It was not the only testimony on identification. *See Greer v. United States,* 227 F.2d 546 (10th Cir.), and *Leeper v. United States,* 117 U.S.App.D.C. 310, 329 F.2d 878. The other two of the three were identified by the other cashiers, one in a similar manner, however.

The three were arrested together after being followed by a witness. Miss Campbell was in court and testified before the jury, but was not cross-examined by the appellant. There is no confrontation problem. We find no plain error in the admission of the testimony of the officer. *See Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, on the California Rule; 71 A.L. R.2d 449, and *Di Carlo v. United States,* 6 F.2d 364 (2d Cir.); *but see Poole v. United States,* 97 F.2d 423 (9th Cir.).

■ Appellant in a related point urges that his motion for acquittal should have been granted. The insufficiency of the evidence argument is based largely upon the identification proof, and upon a circumstantial evidence argument. In *United States v. Henry,* 468 F.2d 892 (10th Cir.); *United States v. Merrick,* 464 F.2d 1087 (10th Cir.); *United States v. Engle,* 429 F.2d 1325 (10th Cir.), and *United States v. Turner,* 421 F.2d 252 (10th Cir.), we have stated the rule in this Circuit as to convictions based on circumstantial evidence. We find nothing in this record to be contrary to the doctrine expressed in the cited cases. The trial court on the motion must view the evidence in a light most favorable to the prosecution. *United States v. Acree,* 466 F.2d 1114 (10th Cir.).

We have considered but find no merit in the argument of appellant that he was not taken before a magistrate in accordance with Rule 5(a). *United States v. Ireland,* 456 F.2d 74 (10th Cir.); *United States v. Chadwick,* 415 F.2d 167 (10th Cir.).

Affirmed.