**UNITED STATES of America, Appellant,**

v.

**Larry Emerson BURROUGHS and Harold Eugene Guerry, Appellees.**

**No. 74–2018.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1975.

Decided March 2, 1976.

Marvin L. Smith, Asst. U. S. Atty. (Mark W. Buyck, Jr., U. S. Atty., Columbia, S. C., and Thomas P. Simpson, U. S. Atty., Charleston, S. C., on brief), for appellant.

Henry Hammer, Columbia, S. C. (John C. Lindsay, Bennettsville, on brief), for appellees.

Before BOREMAN, Senior Circuit Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Larry Emerson Burroughs and Harold Eugene Guerry were tried on an information which charged them with a violation of 18 U.S.C. § 2511(1)(a) by knowingly and wilfully intercepting, endeavoring to intercept and procuring other persons to intercept and endeavor to intercept certain wire and oral communications.[1] After a jury verdict of guilty the court, acting upon motion of the defendants, granted a judgment of acquittal. The Government filed a notice of appeal and thereafter the defendants filed a motion asking that the appeal be dismissed. Concluding that the judgment of acquittal was not properly appealable by the Government, we granted the defendants' motion[2] and dismissed the appeal. The Government filed a petition for rehearing, asking that we reconsider the dismissal in the light of the Supreme Court decisions in *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), *United States v. Jenkins*, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975) and *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). Rehearing was granted.

The defendants were charged under Section 2511(1)(a) of attempting to intercept oral communications at the Wallace Motel in Wallace, South Carolina, and the judgment of acquittal was granted upon the determination of the district court that there was a failure of proof of any state action or any action under color of state law in the attempt to intercept such communications. Although no state action was al-

---

1. The defendants were originally charged in the indictment with violations of 18 U.S.C. § 2511(1)(b) and § 2. This indictment was dismissed and thereafter upon an appropriate waiver by the defendants, the United States filed an information charging them under 18 U.S.C. § 2511(1)(a) and § 2.

2. Our opinion dismissing the appeal was filed on February 4, 1975.

leged in the information, nor does the statute in question specifically require such state action, the trial court concluded that such an interpretation was necessary to preserve the constitutionality of the statute. The basis of the Government's appeal is its challenge of what it believes to be the district court's erroneous interpretation of the statute.

In our previous opinion dismissing the appeal we concluded that although the Government's appeal questioned the trial court's reading of the statute, the final judgment of the district court was based on the evidence or lack of it presented at the trial. Relying upon *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), we held that the district court's view of the statute was merely the foundation for its decision on the facts and, accordingly, the Government could not obtain appellate review. The Supreme Court's decision in *United States v. Wilson, supra*, persuades us that our dismissal of the appeal was improper.

The Court in *Wilson* addressed itself to the new Criminal Appeals Act, 18 U.S.C. § 3731, which was enacted as Title III of the Omnibus Crime Control Act of 1970,[3] and determined that Congress intended to allow appeals by the Government whenever the Constitution would permit. The Court concluded that "when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of the fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause." 420 U.S. 332, at 352, 95 S.Ct. at 1026.

The practical application of the decision was succinctly stated as follows:

"The jury entered a verdict of guilty against Wilson. The ruling in his favor on the * * * motion could be acted on by the Court of Appeals or indeed this Court without subjecting him to a second trial at the Government's behest. If he prevails on appeal, the matter will be-

come final, and the Government will not be permitted to bring a second prosecution against him for the same offense. If he loses, the case must go back to the District Court for disposition * * *." *Id.* at 353, 95 S.Ct. at 1027.

In our opinion the present case falls squarely within the *Wilson* pattern and the Government is entitled to appellate review. Accordingly, our previous opinion and judgment dismissing this appeal is withdrawn, the appeal is reinstated and the motion of the defendant-appellees is denied.[4]

---

3. Pub.L. 91–644, 84 Stat. 1890.

4. In denying the appellees' motion we, of course do not intimate any opinion on the substantive issues of the appeal.