**UNITED STATES of America, Plaintiff-Appellee,**

v.

**CLOVIS RETAIL LIQUOR DEALERS TRADE ASSOCIATION et al., Defendants-Appellants.**

**Nos. 75–1368—75–1381.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Feb. 27, 1976.

Decided Aug. 23, 1976.

Rehearing Denied Sept. 27, 1976.

Robert N. Singer of Coors, Singer & Broullire, Albuquerque, N. M., for appellants.

Michael J. Pugh and Robert B. Nicholson, Dept. of Justice, Washington, D. C. (Thomas E. Kauper, Asst. Atty. Gen., Washington, D. C., on the brief), for appellee.

Before LEWIS, Chief Judge; SETH and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

Defendants appeal the judgment and order of the district court for the District of New Mexico entered upon their pleas of nolo contendere to an indictment charging violations of the Sherman Antitrust Act and from their sentences pursuant to such violations.

Defendants contend the court lacked subject matter jurisdiction because their acts were not in interstate commerce, the indictment did not sufficiently allege the alternate jurisdictional basis that defendants'

activities "affected" interstate commerce and, even were the indictment sufficient, the defendants' activities did not affect interstate commerce. These same issues have been dealt with by this court in reviewing the appeal of defendants' coconspirator, Dan B. Buzzard. *United States v. Buzzard,* 10 Cir., 540 F.2d 1383. For reasons discussed in that opinion we hold the trial court did have adequate subject matter jurisdiction.

Defendants also allege the trial court erred in imposing sentences requiring "community restitution" as a special condition of probation. The trial court gave the maximum fine of $50,000 to each defendant, the individuals were also sentenced to one year in jail. The court then reduced the sentences of Thomas E. Wolf, Johnnie Mack Goodman and Kit Pettigrew to imprisonment for six months, remainder suspended to probation for five years on condition that they pay certain sums [1] as restitution and reparations to the Curry-Roosevelt County Council on Alcoholism, Inc. The execution of the sentences of the remaining defendants was suspended to probation for five years on condition that they also pay certain sums [2] to the Council. As a result of the trial court's sentencing, the Curry-Roosevelt County Council on Alcoholism, Inc. would receive $233,500.

The trial court's reasoning is indicated by the order as to Fred W. Johnson:

It is further ordered that execution of sentence as to both fine and imprisonment is suspended and you are placed on five years probation upon the usual conditions of probation and the special condition that you pay, in the form of restitution and reparation to the community at large, the sum of $15,000 to the Curry-Roosevelt County Council on Alcoholism, Inc., a non-profit organization to be utilized in a continuing program for treatment and community education regarding alcohol related problems. This amount is to be paid in regular monthly installments beginning June 1, 1975 under the direction of the Probation Officer of this Court and is to be fully paid within the probation period.

Suspension of criminal sentences and the imposition of probation are governed by 18 U.S.C. § 3651 which provides in pertinent part:

While on probation and among the conditions thereof, the defendant—

May be required to pay a fine in one or several sums; and

May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had

■ We are compelled to reverse the trial court's sentencing because we are unable to conclude that the Curry-Roosevelt County Council on Alcoholism, Inc. or persons which it helps or represents were "aggrieved" in the amount of $233,500 by "the offense for which conviction was had." *United States v. Taylor,* 4 Cir., 305 F.2d 183, 187, *cert. denied,* 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126; *United States v. Stoehr,* 3 Cir., 196 F.2d 276, 284, *cert. denied,* 344 U.S. 826, 73 S.Ct. 28, 97 L.Ed. 643; *Karrell v. United States,* 9 Cir., 181 F.2d 981, 986–87, *cert. denied,* 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646.

■ We remand this case to the trial court for exercise of its discretion in reconsidering solely the fines imposed upon the suspension of execution of the defendants' original sentences. In no event shall the

---

1. The court required Wolf, Goodman and Pettigrew to pay respectively $10,000, $25,000 and $25,000.

2. The court required the other defendants to pay as follows: Clovis Retail Liquor Dealers Trade Association, $1,000; Tower Hotel Corporation, $50,000; Aztec Bonding Corporation, $25,000; Gold Lantern Lounge & Package, Inc., $10,000; Chaparral Liquors, Inc., $5,000; James E. Foster, $20,000; Fred Johnson, $15,000; Eddie P. Watson, $15,000; Frank A. Murray, $10,000; William C. Crawford, Jr., $10,000; Lindsay L. Brown, $7,500; and J. Michael Johnson, $5,000.

trial court increase those fines beyond what each defendant would have had to pay under the trial court's prior order to the Curry-Roosevelt County Council on Alcoholism, Inc. The incarceration imposed on some defendants and the probationary period given all defendants shall remain unaltered. These strictures on the trial court's power on remand are necessary to prevent any disadvantage to the defendants who sought review of erroneous court rulings and orders.