UNITED STATES of America, Plaintiff-Appellant,

v.

Wesley V. CALLOWAY and Curtis Ray Green, Defendants-Appellees.

No. 76–1162.

United States Court of Appeals, Tenth Circuit.

Submitted March 18, 1977.

Decided Sept. 14, 1977.

Rehearing Denied Oct. 4, 1977.

No appearance by appellees.

Ramon M. Child, U. S. Atty., and Brent Ward, Asst. U. S. Atty., Salt Lake City, Utah, for appellant.

Before LEWIS, Chief Judge, and SETH and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

Defendants Calloway and Green were jointly tried on two counts of knowingly transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312. At the conclusion of all the evidence both defendants moved for judgments of acquittal. The trial court reserved ruling on the motions and the case was submitted to the jury. The jury returned verdicts of guilty as to both defendants on Count I and not guilty as to both defendants on Count II. Both defendants thereupon renewed their motions and the trial court entered a judgment of acquittal for both defendants on Count I and ordered defendants discharged. The Government appeals the trial court's post-verdict orders alleging the court erred in finding the evidence legally insufficient to support the jury's verdict of guilty on Count I.

I. Jurisdiction over Government Appeals.

■ With the enactment of 18 U.S.C. § 3731 in 1971 Congress significantly expanded the jurisdiction of the courts of appeals to entertain government appeals in criminal cases.[1] "While the language of the new Act is not dispositive, the legislative history makes it clear that Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." *United States v. Wilson*, 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232. In a trilogy of cases decided in 1975, *United States v. Wilson, supra*; *United States v. Jenkins*, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250; *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265, the Supreme Court delineated the parameters of the Government's newly created rights of appeal reaching the conclusion

> . . . that when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause.

*United States v. Wilson, supra*, at 352–53, 95 S.Ct. at 1026. This conclusion was further explained in *United States v. Jenkins, supra*:

> When a case has been tried to a jury, the Double Jeopardy Clause does not prohibit an appeal by the Government providing that a retrial would not be re-

---

1. Section 3731 provides in part:

   In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

quired in the event the Government is successful in its appeal. *United States v. Wilson, ante,* at 344–345, 352–53, [95 S.Ct. [1013], at 1022–1023, 1026–1027]. When this principle is applied to the situation where the jury returns a verdict of guilt but the trial court thereafter enters a judgment of acquittal, an appeal is permitted. In that situation a conclusion by an appellate court that the judgment of acquittal was improper does not require a criminal defendant to submit to a second trial; the error can be corrected on remand by the entry of a judgment on the verdict. To be sure, the defendant would prefer that the Government not be permitted to appeal or that the judgment of conviction not be entered, but this interest of the defendant is not one that the Double Jeopardy Clause was designed to protect.

*Id.* at 365, 95 S.Ct. at 1011. Although the procedural settings in *Wilson, Jenkins,* and *Serfass* might be distinguished from that in the case at bar, the clear language of these opinions has been deemed controlling by the various circuit courts of appeals in cases involving the entry of a judgment of acquittal by the trial court upon defendant's motion after a verdict of guilty has been returned by the jury. *E. g., United States v. Donahue,* 8 Cir., 539 F.2d 1131; *United States v. Burroughs,* 4 Cir., 537 F.2d 1156; *United States v. Cravero,* 5 Cir., 530 F.2d 666. We therefore conclude that the trial court's judgment of acquittal in the present case is properly appealable by the Government under 18 U.S.C. § 3731.

II. Sufficiency of the Evidence.

■ In granting defendants' motions for judgments of acquittal the district court ruled the evidence was not sufficient for the case to go to the jury. It is well settled that in reviewing the sufficiency of the evidence after a verdict of guilty has been returned by a jury the trial court is required to follow the same standards applied by the courts of appeals, *i. e.,* whether the evidence viewed in the light most favorable to the jury's verdict is sufficient to support a verdict of guilty beyond a reasonable doubt. *United States v. Whalon,* 10 Cir., 526 F.2d 1117, 1119; *United States v. Acree,* 10 Cir., 466 F.2d 1114, 1117, *cert. denied,* 410 U.S. 913, 93 S.Ct. 962, 35 L.Ed.2d 278.

In the present case the evidence established and defendants conceded that two cars were stolen in or near Chicago, Illinois, during the afternoon and evening of July 28, 1975, that the cars were delivered to defendants' motel room in the early morning hours of July 29, and that defendants drove the cars from Chicago to Cedar City, Utah, where defendant Calloway was stopped by the Utah Highway Patrol for speeding on the afternoon of July 30. Thus, the only element necessary for conviction under the Dyer Act, 18 U.S.C. § 2312, which was disputed at trial was defendants' knowledge that the cars were stolen at the time of their interstate transportation.

The evidence on this element was conflicting, with both defendants testifying they did not know the cars were stolen and believed they were merely transporting the cars to Los Angeles as a favor for an old friend of Green's. Green further testified that he specifically inquired of the persons from whom defendants received the cars as to whether the cars were stolen and personally examined the title documents furnished by these persons to further assure himself the cars were not stolen. The government attempted to demonstrate the inconsistencies in and improbability of defendants' testimony and placed great reliance on the presumption of knowledge that may be drawn from the unexplained or unsatisfactorily explained possession of stolen vehicles recently transported in interstate commerce. *See, e. g., United States v. Brown,* 10 Cir., 541 F.2d 858, 861, *cert. denied,* 429 U.S. 1026, 97 S.Ct. 650, 50 L.Ed.2d 630.

■ Without engaging in an extended discussion of the specifics of the evidence presented, suffice it to say the question of defendants' knowledge that the cars were stolen turned almost entirely on the degree of credibility to be afforded the various witnesses and the inferences which might

reasonably have been drawn from the evidence—both matters peculiarly within the province of the trier of fact. Resolving the issues of credibility and drawing all permissible inferences in favor of the jury's verdict, we are unable to conclude the evidence was insufficient to support the jury's verdict. We therefore vacate the judgments of acquittal entered by the district court.

### III. The Supplemental Jury Instructions.

■ Although our conclusion that the trial court erred in granting the judgments of acquittal would ordinarily require us to direct reinstatement of the jury's verdict, we are also required by rule 52(b), Fed.R. Crim.P., to notice "plain errors affecting substantial rights" of the defendants whether or not they are brought to our attention by the parties. Approximately twenty minutes after the jury retired in the present case it appears the jury sent a note to the trial judge requesting additional instructions on the necessary elements of the charged offense.[2] The jury was recalled and the judge reread the statutory language in open court. The court then proceeded to instruct the jury that the first *element* of the offense involved the interstate transportation of a stolen motor vehicle and the second *element* required the act to be done willfully and with knowledge the vehicle was stolen. Apparently paraphrasing the jury's note the court then stated:

> Now you did a pretty good job, Mr. Foreman, or whoever it was that wrote this note. That is a good statement of it, pretty good. You say in *count* one that the car was stolen and transported across a state line. Well, I just told you that that is *count* one and *count* two that the defendants did have knowledge that the vehicles were stolen.

Now the critical thing is the *second* one. You take a good look at the evidence . . . .

(Emphasis added.) The jury was again dismissed and deliberated for almost two more hours before returning a verdict of guilty on Count I and not guilty on Count II. In light of the fact that the only difference in the indictment between Count I and Count II was that Count I alleged transportation of a 1975 Lincoln and Count II alleged transportation of a 1975 Cadillac and the fact defendants admitted possession of *both* cars, there is a substantial likelihood the jury was confused by the trial court's perpetuation of the jury's mistaken reference to the two *counts* rather than the two *elements* of the charged offense. This possibility is heightened by the fact defendants were found guilty on Count I, which the jury's note apparently described as transportation of the stolen cars (which defendants admitted), and not guilty on Count II, which the note described as knowledge the cars were stolen (which defendants denied). Although it is ordinarily not the function of appellate courts to inquire into possible inconsistencies in jury verdicts, *United States v. Dennett*, 10 Cir., 551 F.2d 261, the confusion in the supplemental instructions delivered by the trial court to the jury and the substantial possibility of prejudice to the defendants resulting therefrom require us to set aside the verdict of guilty on Count I.

The case is therefore remanded to the district court for further proceedings consistent with this opinion. We express no opinion on the possible application of the Double Jeopardy Clause in the event the government elects to seek a new trial. *Cf. United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); *United States v. Wilson, supra; United States v. Jenkins, supra.*

**2.** This note has not been included in the record on appeal, but is referred to by the trial judge in the transcript of proceedings and was read or paraphrased in open court by the trial judge in the course of his supplemental instructions to the jury. We therefore presume defendants were present, as required by Fed.R.Crim.P. 43(a), both at the time the note was read and

when the trial judge's response was given. The record does not indicate, however, whether counsel were apprised of the contents of the note and afforded the opportunity to respond prior to the court's instructions to the jury. *See United States v. Walker*, 10 Cir., 557 F.2d 741, 746.