**UNITED STATES of America, Appellant,**

v.

**William F. QUARRY, David William Russo, Bruce Lester Dempsey, and Mark Reeve Fowden, Appellees.**

**Nos. 77–1175 to 77–1178.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 8, 1978.

Decided May 8, 1978.

Steven W. Snarr, Asst. U. S. Atty., Ramon M. Child, U. S. Atty. for Utah, Salt Lake City, Utah, on brief, for appellant.

Phil L. Hansen, of Phil L. Hansen and Associates, Salt Lake City, Utah, for appellees, William F. Quarry (77–1175), Bruce Lester Dempsey (77–1177), and Mark Reeve Fowden (77–1178).

Dean R. Mitchell, Salt Lake City, Utah, for appellee, David William Russo (77–1176).

Before SETH, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.

SETH, Chief Judge.

Seven defendants, including the appellees, were charged in an information with conducting an illegal gambling business in violation of 18 U.S.C. § 1955. Three other persons were charged in an indictment as participants in the same business, but the two cases were not consolidated.

The trial of the seven was concluded, and before the case was submitted to the jury, motions of two of the seven for judgments of acquittal were granted. The appellees also moved for judgments of acquittal, but the judge reserved ruling. The case against the remaining five was then submitted to the jury. As part of the instructions given to the jury, the trial court said:

". . . I want to be very clear about this. Unless you find them all guilty, you can't find any of them guilty because there are only five left, only five left, and the requirement is that the gambling activity involve five or more persons that did these things . . ."

Thus the trial court instructed the jury they had to find all remaining defendants guilty or acquit them all, as to do otherwise would not be in conformance with 18 U.S.C. § 1955. The jury deliberated for two and one-half days, and returned a verdict of guilty as to appellees Quarry, Russo, Dempsey, and Fowden, but found the fifth defendant, Peake, not guilty.

The motions of appellees, previously made, were granted and the court entered judgments of acquittal as to each of the four appellees. The trial court stated: ". . . This jury has acquitted Peake, the statute requires five persons and the motion for a judgment of acquittal of all five is granted." The Government has taken this appeal from the judgments pursuant to 18 U.S.C. § 3731.

The Government urges on this appeal that the trial judge improperly interpreted the five or more requirement of § 1955 to mean that at least five defendants in the same proceeding must be found guilty. The appellees argue that to permit this appeal would be a violation of their Fifth Amendment rights and, in any event, the result reached by the trial court must be upheld because a defect in the jury's instructions constituted plain error.

We hold that the case is properly appealable by the Government.

The jurisdictional matter must be considered first. The pivotal question is whether the Government may take this appeal under § 3731 without violating the defendants' rights under the Fifth Amendment.

The Government maintains that when the trial judge rules in favor of a defendant after a jury verdict of guilty, the case can be appealed by the Government. Thus in this case it is argued that if the trial judge was in error on his interpretation of the five-person requirement, the guilty verdicts may properly be reinstated because no further factual resolution will be necessary.

The defendants-appellees contend that this court has no jurisdiction under § 3731. It is their position that where, as here, there was a judgment of acquittal, the Double Jeopardy Clause prevents a reinstatement of the jury verdict of guilty. They also argue that the jurisdictional statute authorizes prosecution appeals from *dismissals*, but not from "factual" determination of an acquittal.

There is no question but that this court may assert jurisdiction over the Government's appeals. This is made clear from the line of authority beginning with *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), and culminating in *United States v. Calloway*, 562 F.2d 615 (10th Cir. 1977). Appellees insist that any judicial act terminating a prosecution which is denominated as an acquittal is not appealable under any circumstance. However, in *Wilson*, supra, the Court said:

"We have rejected this position in the past, and we continue to be of the view that the policies underlying the Double Jeopardy Clause militate against permitting the Government to appeal after a verdict of acquittal. Granting the Government such broad appeal rights would allow the prosecutor to seek to persuade a second trier of fact of the defendant's guilt after having failed with the first; it would permit him to re-examine the weaknesses in his first presentation in order to strengthen the second; and it would disserve the defendant's legitimate interest in the finality of a verdict of acquittal. These interests, however, do not apply in the case of a post-verdict ruling of law by a trial judge. Correction of an error of law at that stage would not grant the prosecutor a new trial or subject the defendant to the harassment traditionally associated with multiple prosecutions."

Although the order appealed from in *Wilson* was not denominated as an "acquit-

tal," the Court made it abundantly clear, that the Double Jeopardy Clause does not preclude § 3731 appeal where the jury's verdict was overturned on purely legal grounds. The *Wilson* rationale was reaffirmed in *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). We recently addressed nearly identical claims in *United States v. Calloway*, 562 F.2d 615 (10th Cir. 1977). There we held that a trial court's post-verdict judgment of acquittal was properly appealable under 28 U.S.C. § 3731. Other circuits have reached similar results. See, e. g., *United States v. Cravero*, 530 F.2d 666 (5th Cir. 1976); *United States v. Allison*, 555 F.2d 1385 (7th Cir. 1977); *United States v. Rojar*, 544 F.2d (9th Cir. 1977). It is clear from the record that the trial judge's post-verdict acquittals were grounded entirely on technical legal consideration. Under these circumstances, the judge's error of law can be corrected without offending the defendant's rights under the Double Jeopardy Clause. The trial judge said, as above mentioned, when he granted the motions: "This jury has acquitted Peake and the statute requires five persons and the motion for a judgment of acquittal of all five is granted."

The Government argues that the trial court misconstrued the five or more persons requirement of § 1955. The misinterpretation, the Government maintains, was manifest in the "all or nothing" instruction given to the jury. The trial court erred when it granted the post-verdict acquittals because the jury failed to find all five defendants guilty. The Government thus contends that § 1955(b)(1)(ii), requires only that it be shown that "five or more persons conducted, financed, managed, supervised, directed, or own all or part of such business." The subsection of the statute uses the term "illegal gambling business" and makes it illegal to "conduct," etc. such a business. To constitute a violation the "business" is a gambling business which: "(ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business and . . .."

The defendants rely on the trial court's interpretation and argue that they were "acquitted."

In *United States v. Smaldone*, 485 F.2d 1333 (10th Cir. 1973), this court said that:

"And the five individual participants necessary to sustain a federal conviction need not carry on or cause the entire gambling operation to function. Congress' intent was to incorporate within the statute's prohibition all participants, except those who actually wagered, no matter their roles . . ." At page 1351.

In an unpublished opinion *United States v. Smaldone*, 76–1178, (10th Cir. filed April 7, 1977), the court found that the Government was able to present sufficient evidence to establish participation in illegal gambling by at least five persons. The Government here was able to show that considerably more than five individuals participated in the distribution of the football betting cards. In addition to the four appellees, several witnesses who either owned or operated clubs testified that they had received some form of remuneration from the defendants for the use of their facilities, or had in fact participated in the handling and distribution of these betting cards. In *United States v. Crockett*, 514 F.2d 64 (5th Cir. 1975), the court pointed out that the 18 U.S.C. § 1955 requirement of "five persons" could be met where the Government proved that at least one person was in each of the establishments supervising the operation where the machine was located. Here, the evidence indicated that there was at least one person in each of the several establishments where the cards were distributed and who received proceeds. In our view, the trial judge's interpretation of the five or more requirement of § 1955 was neither consistent with the statute nor the weight of authority. The Congressional intent was to include all participants who joined in the conduct etc., of the illegal gambling business within the definition of "persons" under § 1955(b)(1)(ii), regardless of their status as defendants or not.

The trial court did instruct the jury as to the required number of participants under § 1955 by quoting from the statute several times, but gave also the erroneous instruction as hereinabove stated. Thus he gave partly correct instructions to the jury and partly wrong. However, we hold that the equivalent of a fully correct instruction was provided to the jury. The jury rejected one instruction of the judge as to the number, but followed the statute and followed his quotation from the statute which he included in his instruction. The jury, after deliberating a short time, requested that it be provided a copy of the statute as it related to the number of participants. Without objection the court provided the jury with a copy of § 1955.

The provision therein (§ 1955) as to the number of participants is entirely clear, direct and without any technical language. It provides in relevant part:

"2(b)(1) . . . 'illegal gambling business' means a gambling business which—

.    .    .    .    .

(ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business;
.    .    .."

The jury could easily follow it, and this we hold to be the equivalent of a correct instruction from the judge. The jury thus had conflicting instructions and from the verdict it followed the correct one and rejected the incorrect instruction. Under these somewhat unusual circumstances the verdicts may be reinstated as supported by the evidence and correct under the five person requirement.

Having decided that this court has jurisdiction, and that the Government did establish sufficient evidence of participation by at least five persons in violation of 18 U.S.C. § 1955, the jury's verdict below must be reinstated.

The contentions of the appellees as to the failure to properly develop the law of Utah as to gambling presents an issue not before this court as no final judgment has been entered which would permit their consideration.

The judgments of acquittal are hereby set aside as to each appellee, and the several cases are remanded with directions to reinstate the verdict of guilty as to each appellee.