**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**The PRESCON CORPORATION and**
**VSL Corporation,**
**Defendants-Appellees.**

**Nos. 82–1807, 82–1812, 82–2196, 82–2197.**

United States Court of Appeals,
Tenth Circuit.

Dec. 1, 1982.

Rehearing Denied in Nos. 82-1807 and
82-1812 Jan. 20, 1983.

John J. Powers, III, Atty., Washington, D.C. (William F. Baxter, Asst. Atty. Gen., and Margaret G. Halpern, Atty., Dept. of Justice, Washington, D.C., with him on the brief), for plaintiff-appellant.

Hayden Burns, Houston, Tex. (Eliot Shavin, Houston, Tex., with him on the brief), of Butler, Binion, Rice, Cook & Knapp, Houston, Tex. (Lawrence W. Treece of Bender & Treece, Denver, Colo., Robert C. Bonner of Kadison, Pfaelzer, Woodard, Quinn & Rossi, Los Angeles, Cal., and John P. Akolt, Jr. and John P. Akolt, III of Akolt, Dick & Akolt, Denver, Colo., with him on the brief), for defendants-appellees.

Before SETH, Chief Judge, and BARRETT,* Circuit Judge.

BARRETT, Circuit Judge.

The United States appeals from the judgments of sentences entered against appellees, The Prescon Corporation (Prescon) and VSL Corporation (VSL), or, in the alternative, petitions for a writ of mandamus to obtain an order directing the sentencing court to vacate the judgments of sentences. Our jurisdiction vests pursuant to 18 U.S.C. § 3731 and/or 28 U.S.C. § 1291.

Prescon and VSL pleaded *nolo contendere* to an indictment charging them, and others, with rigging bids on commercial construction projects in Colorado and some nine neighboring states. Both corporations perform post-tensioning, a method of adding tensile strength to concrete during the construction of large structures such as buildings, stadiums, gymnasiums, hospitals, and parking facilities. Prescon and VSL were each charged with one count of rigging bids in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, and two counts of mail fraud in connection with the submission of rigged bids, in violation of 18 U.S.C. § 1341. The corporate defendants and co-conspirators were charged with engaging "in a continuing combination and conspiracy to suppress and eliminate competition in the post-tension concrete construction of commercial structures ... in unreasonable restraint ... of trade and commerce" by allocating among them contracts for the post-tension concrete construction by means of collusive, noncompetitive and rigged bids. [R., Vol. I, pp. 5–6]. The effects, as charged, were the fixing and maintaining of artificial and noncompetitive level prices and restraint, suppression and elimination of free and open competition. [R., Vol. I, p. 7]. The mail fraud charges were founded on placement of the rigged bids in the mail to be sent or delivered by the United States Postal Service.

Prescon and VSL were sentenced on June 2, 1982, to unsupervised probation and fined, respectively, the sums of $252,000 and $302,000. The sentence provided, however, that the execution of these fines be suspended on the condition that each corporate defendant, on or before August 2, 1982, deposit, respectively, the sums of $50,000 (Prescon) and $75,000 (VSL) "into the Registry of the Court, to be disbursed to such community agencies as selected by the Chief Probation Officer with the approval of the Court." [R., Vol. I, pp. 14, 17]. The court, in suspending the fines, placing each corporate defendant on unsupervised probation for a three year period, and requiring deposits of $50,000 and $75,000, respectively, explained the purposes to be served by the funds, to-wit:

My statement to the Probation Department is I hope that this money will be used for programs, or programs will be suggested to fight crime. I am particularly interested in those types of community programs which are aimed at decreasing crime or affecting crime on the society; so with that direction, then, I

---

* The panel originally assigned to hear the case consisted of Seth, Chief Judge, Barrett and Doyle, Circuit Judges. At the outset of oral argument, Judge Doyle recused himself from consideration of this case. After being advised by the Court of his recusal, counsel did not object when notified by the presiding judge that the argument should proceed before the remaining two judges.

will leave it up to the Probation Department to make some recommendations.

\* \* \* \* \* \*

Again, my informal request, I guess it is, to the Probation Department is to try to not only use this money for reimbursing money that this community is out, but perhaps it will affect crime in our society or the reduction of crime in our society.

[R., Vol. II, pp. 76–77].

The United States did not pose any objections to the trial court's orders. However, the United States, at the commencement of the sentencing proceeding, did notify the court that it objected to the court's acceptance of the *nolo contendere* pleas in that they are not in the public interest. The Government stated that the private parties who were victims of the conspiracy practiced by the defendants should not be denied "the benefit of a *prima facie* effect of a conviction or guilty plea, which would be contrary to the Congressional intention expressed in enacting Section 5(a) of the Clayton Act." [R., Vol. II, pp. 6–7]. The United States recommended "substantial corporate fines" predicated on the deliberate, premeditated and well-planned conspiracies of bid rigging by price-fixing. [R., Vol. II, pp. 71, 72].

The trial court, in accepting the *nolo contendere* pleas, and in entering sentences, the imposition of which were suspended upon the aforesaid terms of probation, proceeded under 18 U.S.C.A. § 3651, which, in pertinent part provides:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

The court may revoke or modify any condition of probation, or may change the period of probation.

The period of probation, together with any extension thereof, shall not exceed five years.

While on probation and among the conditions thereof, the defendant—

May be required to pay a fine in one or several sums; and

*May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had;* and

May be required to provide for the support of any persons, for whose support he is legally responsible.

[Emphasis supplied].

On appeal, the United States contends that (1) the Criminal Appeals Act, 18 U.S. C.A. § 3731, authorizes the United States to appeal sentencing orders, or, alternatively, the United States may appeal an illegal

sentencing order as a Final Decision pursuant to 28 U.S.C.A. § 1291; (2) even absent 18 U.S.C.A. § 3731, and 28 U.S.C.A. § 1291, the government may challenge an illegal sentencing order in a mandamus action; and (3) the Probation Act does not authorize a judge to permit a corporation, as an alternative to paying a fine, to make a contribution to a person or group not aggrieved by the crime.

## I.

The United States contends that the Government is authorized to appeal an order imposing an illegal sentence under § 3731 of the Criminal Appeals Act or § 1291 of Title 28; further that the Government may seek a writt of mandamus to correct an illegal sentence. The defendants-appellees, Prescon and VSL, vigorously contend that this court does not have jurisdiction to hear the Government's appeal. They argue that appeals by the Government of criminal cases have been historically disfavored and, absent explicit statutory authority, the federal government has no rights of appeal; further, that a writ of mandamus, being an extraordinary remedy, should not issue to review a trial court's sentence.

■ We hold that the United States has a right of appeal pursuant to 18 U.S.C.A. § 3731[1] and 28 U.S.C.A. § 1291.[2]

In *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975) the Supreme Court held that the Criminal Appeals Act, 18 U.S.C.A. § 3731, authorizes the United States to take an appeal from a district court's order dismissing an indictment following return of a jury verdict of guilty. The Court held that the only constitutional prohibition against appeals by the United States involves those cases where

the defendant may be subjected to a second trial for the same offense. The Supreme Court reviewed the legislative history of the act and stated that the Congress clearly intended to remove all statutory barriers to government appeals and to allow them whenever the Constitution permits. Later, in *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) the Court pertinently observed:

> ... Congress has removed the statutory limitations to appeal and the relevant inquiry turns on the reach of the Double Jeopardy Clause....

430 U.S. at p. 568, 97 S.Ct. at p. 1353.

In *United States v. Fay,* 553 F.2d 1247 (10th Cir.1977), we observed:

> Under 18 U.S.C. § 3731, the government may take appeals in criminal cases in a number of situations. [In *Fay,* the government's appeal was premised on the trial court's erroneous ruling on motion to suppress evidence.] The real limitation on such appeals is, of course, the double jeopardy clause of the Fifth Amendment.

553 F.2d at p. 1249.

In *United States v. Calloway,* 562 F.2d 615 (10th Cir.1977), we held that a trial court's judgment of acquittal after the jury returned a verdict of guilty was appealable. Later, in *United States v. Quarry,* 576 F.2d 830 (10th Cir.1978), we held that where the trial court granted post-verdict acquittals grounded on entirely erroneous legal considerations, the trial court's errors could be corrected without violating the defendants' rights under the Double Jeopardy Clause.

In *United States v. Calloway, supra,* we said:

> With the enactment of 18 U.S.C. § 3731 in 1971 Congress significantly expanded the jurisdiction of the courts of appeals to entertain government appeals

---

**1.** The applicable portion of 18 U.S.C.A. § 3731 relied upon here reads: "In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."

**2.** 28 U.S.C.A. § 1291 in pertinent part reads: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court."

in criminal cases. "While the language of the new act is not dispositive, the legislative history makes it clear that Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." *United States v. Wilson,* 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232. . . . [footnote deleted]. 562 F.2d at p. 616.

In *United States v. Quarry, supra,* we made it clear that the Double Jeopardy Clause does not preclude § 3731 appeals by the Government where the jury's verdict of guilt is overturned on technical legal considerations. We observed that under such circumstances "the judge's error of law can be corrected without offending the defendant's rights under the Double Jeopardy Clause." 576 F.2d at p. 833.

The same rationale applied in *Fay, Calloway* and *Quarry, supra,* was applied in *United States v. Hetrick,* 627 F.2d 1007 (9th Cir.1980) wherein the court held that government appeals are not restricted to the specific categories set forth in 18 U.S. C.A. § 3731, and that the government may, under this section, appeal from an order modifying a sentence because such an appeal does not place the defendant twice in jeopardy. The *Hetrick* court observed, just as this court had in *Fay, supra,* that the 1971 amendment to § 3731 provided for its liberal construction, again specially quoting from *United States v. Martin Linen Supply Co., supra,* that the Congress, in enacting § 3731 "intended to remove all statutory barriers to government appeals [in criminal cases] and to allow appeals whenever the Constitution would permit." 627 F.2d at p. 1010. Subsequently, in *United States v. Godoy,* 678 F.2d 84 (9th Cir.1981) the court held that the government may appeal pursuant to § 3731 from a district court order denying a rule 35 motion to correct an illegal sentence.

Other courts have held that 18 U.S.C. § 3731 grants the government a right of appeal in criminal cases whenever the Constitution would permit. *United States v. Uzzolino,* 651 F.2d 207 (3d Cir.1981), *cert.*

*denied,* 454 U.S. 865, 102 S.Ct. 327, 70 L.Ed.2d 166; *United States v. Horwitz,* 622 F.2d 1101 (2d Cir.1980), *cert. denied,* 449 U.S. 1076, 101 S.Ct. 854, 66 L.Ed.2d 799 (1981); *United States v. Brandon,* 633 F.2d 773 (9th Cir.1980); *United States v. Woodruff,* 600 F.2d 174 (8th Cir.1979); *United States v. McInnis,* 601 F.2d 1319 (5th Cir. 1979), *cert. denied,* 445 U.S. 962, 100 S.Ct. 1649, 64 L.Ed.2d 237 (1980); *United States v. Moore,* 586 F.2d 1029 (4th Cir.1978). The Government appeals in these cases did not place the defendants twice in jeopardy.

We turn now to the applicability of 28 U.S.C.A. § 1291. We hold that the trial court's sentences did constitute a "final decision" within the purview of § 1291, authorizing the Government's appeals, again because the appeal from the sentences does not threaten to place Prescon or VSL twice in jeopardy.

In *United States v. Romero,* 642 F.2d 392 (10th Cir.1981) we said:

Ordinarily, a decision in a criminal case is not final for purposes of appeal until sentence has been imposed. *See Berman v. United States,* 302 U.S. 211 [58 S.Ct. 164, 82 L.Ed. 204] . . . (1911); *James v. United States,* 348 F.2d 430 (10th Cir. 1965). . . . The right of appeal is a statutory right. *See Abney v. United States,* 431 U.S. 651 [97 S.Ct. 2034, 52 L.Ed.2d 651] . . . (1977). And, therefore, Section 1291 has to be complied with.

642 F.2d at p. 397.

In *United States v. Hetrick, supra,* the court held that in addition to the right of appeal authorized pursuant to 18 U.S.C.A. § 3731, the government was also authorized to appeal pursuant to 28 U.S.C.A. § 1291:

Under *Wilson* and *Martin Linen Supply,* a government appeal is barred only if it implicates the concerns protected by the Double Jeopardy Clause of the Fifth Amendment. Because an appeal from an order modifying a sentence does not threaten to place the defendant twice in jeopardy, the government is not precluded from appealing a sentencing order. . . . We hold, therefore, that the

government may appeal, pursuant to section 1291, a district court's order reducing a sentence.

627 F.2d at p. 1010.

*Accord: United States v. DeMier,* 671 F.2d 1200 (8th Cir.1982) (holding § 1291 the proper statute authorizing government appeals from sentencing orders); *United States v. Busic,* 592 F.2d 13 (2d Cir.1978) (holding that a trial court's sentence possesses the necessary characteristics of finality and completeness required under 28 U.S. C.A. § 1291); *United States v. Neumann,* 556 F.2d 1218 (5th Cir.1977); *United States v. Brown,* 301 F.2d 664 (4th Cir.1962).

We note that in *United States v. Denson,* 603 F.2d 1143 (5th Cir.1979) the *en banc* court held that a writ of mandamus should issue to correct an illegal sentence. The court did recognize, however, that a court should not issue a writ of mandamus if other remedies are available.

Inasmuch as we hold that the Government's appeal is well taken pursuant to 18 U.S.C.A. § 3731 and 28 U.S.C.A. § 1291, we will deny the petition for writ of mandamus.

## II.

■ The Government contends that the Probation Act (18 U.S.C.A. § 3651) does not authorize a judge to permit a corporation, as an alternative to payment of a fine, to make a contribution to a person or group not aggrieved by the crime. We agree.

In *United States v. Clovis Retail Liquor Dealers Trade Ass'n.,* 540 F.2d 1389 (10th Cir.1976), this court reversed the trial court's judgment, following entry of pleas of *nolo contendere* to an indictment charging violations of the Sherman Antitrust Act in connection with price-fixing of retail liquor prices. The trial court, as a condition of probation, directed the defendants to pay various amounts totaling $233,500 to the County Council on Alcoholism. We observed that the only justification under 18 U.S.C.A. § 3651 is in the trial court's authorization, as a condition of probation, to require "restitution or reparation to aggrieved parties for actual damages or loss caused

by the offense for which conviction was had." We said, *inter alia:*

We are compelled to reverse the trial court's sentencing because we are unable to conclude that the Curry-Roosevelt County Council on Alcoholism, Inc. or persons which it helps or represents were "aggrieved" in the amount of $233,500 by "the offense for which conviction was had." *United States v. Taylor,* 4 Cir. [1962], 305 F.2d 183, 187, *cert. denied,* 371 U.S. 894 [83 S.Ct. 193, 9 L.Ed.2d 126] . . . ; *United States v. Stoehr,* 3 Cir., [1952] 196 F.2d 276, 284, *cert. denied,* 344 U.S. 826 [83 S.Ct. 193, 9 L.Ed.2d 126] . . . ; *Karrell v. United States,* 9 Cir., [1950] 181 F.2d 981, 986–87, *cert. denied,* 340 U.S. 891 [71 S.Ct. 206, 95 L.Ed. 646]. . . .

540 F.2d at p. 1390.

■ We have heretofore quoted the four special conditions of probation which may be imposed as set forth in 18 U.S.C.A. § 3651. In addition to a fine, they are: restitution or reparation to aggrieved parties, provision for support of a person for whom a defendant is legally responsible, participation in a residential community treatment center, and participation in a community program for drug addicts. We do not suggest that listing of the four specific conditions of probation "closes the door" to other conditions. In *Porth v. Templar,* 453 F.2d 330 (10th Cir.1971), we observed:

This section [18 U.S.C. § 3651] names specifically some of the conditions which may be imposed, including the payment of a fine, the making of restitution and support of persons for whom the accused is legally responsible. The sentencing judge has a broad power to impose conditions designed to serve the accused and the community. The only limitation is that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public.

453 F.2d at p. 333.

■ The trial court in the case at bar, just as the trial court in *Clovis, supra,* suspended the fines imposed and placed the

defendants on probation upon condition that they pay specific sums to be used for community programs. In *Clovis, supra,* the designated program was one "for treatment and community education regarding alcohol related problems". In the case at bar, the trial court identified the program or programs as "those types of community programs which are aimed at decreasing crime or affecting crime on the society." Surely the designated program in *Clovis* had some relationship to the crime committed. Such, however, is not true in the instant case. And, in any event, here, just as in *Clovis,* the trial court failed to direct that the restitution or reparation funds required of Prescon and VSL be tendered or directed on behalf of "aggrieved parties", *i.e.,* those parties who, in the language of the statute suffered "actual damages or loss caused by the offense for which conviction was had; . . . ." It is our view that the condition of probation imposed by the trial court in this case falls within one of the enumerated conditions; thus, its appropriateness must, as in *Clovis,* be tested by any limitation expressed in the statute. That limitation is, in the language of the statute, that the probationers "make restitution or reparation to [the] aggrieved parties for actual damages or loss caused by the offense for which conviction was had." It is a familiar rule of statutory interpretation that a specific provision will govern notwithstanding the fact that a general provision, standing alone, may include the same subject matter.

Section 3651, in providing, as a condition of probation, restitution or reparation to aggrieved parties for actual damages or losses caused by the offense committed, requires that such funds be directed to the victims (*i.e.,* "aggrieved parties") of the criminal act. *United States v. Clovis Retail Liquor Dealers Trade Ass'n., supra; United States v. Vaughn,* 636 F.2d 921 (4th Cir.1980); *United States v. Turner,* 628 F.2d 461 (5th Cir.1980), *cert. denied,* 451 U.S. 988, 101 S.Ct. 2325, 68 L.Ed.2d 847 (1981) (§ 3651 does not authorize, as condition of probation, payment of fees to court-appointed counsel, inasmuch as it is not one of the three listed monetary conditions of pro-

bation); *United States v. Roberts,* 619 F.2d 1 (7th Cir.1979) (where the court held that a reparation order of payment of $750,000 arising from mail fraud conviction was proper pursuant to 18 U.S.C. § 3651 inasmuch as 34,135 defrauded persons had been identified as "aggrieved parties"); *United States v. Jimenez,* 600 F.2d 1172 (5th Cir. 1979); *United States v. Boswell,* 565 F.2d 1338 (5th Cir.), *cert. denied,* 439 U.S. 819, 99 S.Ct. 81, 58 L.Ed.2d 110 (1978); *United States v. Bishop,* 537 F.2d 1184 (4th Cir.), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1105, 51 L.Ed.2d 539 (1976); *United States v. Steiner,* 239 F.2d 660 (7th Cir.), *cert. denied,* 353 U.S. 936, 77 S.Ct. 813, 1 L.Ed.2d 759 (1957); *United States v. Stoehr,* 196 F.2d 276 (3d Cir.), *cert. denied,* 344 U.S. 826, 73 S.Ct. 28, 97 L.Ed. 643 (1952); *Karrell v. United States,* 181 F.2d 981 (9th Cir.), *cert. denied,* 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950); *United States v. Berger,* 145 F.2d 888 (2d Cir.), *cert. denied,* 324 U.S. 848, 65 S.Ct. 685, 89 L.Ed. 1408 (1944). These opinions, and others, stand for the rule that the Probation Act did not intend to authorize the district courts to direct the payment of funds, as condition of probation, beyond the express authorizations contained in § 3651. This is not to suggest, however, that a sentencing judge does not otherwise have broad discretion to impose conditions of probation reasonably related to protecting the public and rehabilitating the defendant. *See United States v. Lawson,* 670 F.2d 923 (10th Cir.1982); *Porth v. Templar, supra.*

In *United States v. Mancuso,* 444 F.2d 691 (5th Cir.1971), the trial court, following a jury conviction of the defendants of mail fraud, ordered, as a condition of probation, that the defendants make full restitution of the amounts shown in the indictment as calculated and scheduled by the probation officer. The appellate court set the sentence aside and stated, *inter alia:*

> While appellants may be required to make restitution to aggrieved parties for actual damages or loss caused by the offense which appellants are found to have committed, 18 U.S.C. § 3651, *Karrell v. United States,* 181 F.2d 981 (C.A. 9, 1950)

. . . the requirement must be clear and unequivocal. The better practice is that where parties are aggrieved, the amounts to be paid and the manner of payment should be recited in the order, rather than delegating these details to the probation officer.

444 F.2d at p. 695.

We reverse the trial court's sentence for the reasons heretofore set forth and we remand this case to the trial court for re-sentencing. In no event shall the trial court increase the fines assessed by the district court at the June 2, 1982, sentencing proceeding, respectively in amounts of $252,000 and $302,000.