**UNITED STATES of America, Plaintiff,**

v.

**RICHARDS ELECTRIC SUPPLY CO., Defendant.**

No. CR–3–83–56(5).

United States District Court, S.D. Ohio, W.D.

Aug. 15, 1984.

Irving Rosner, U.S. Dept. of Justice, Antitrust Div., Cleveland, Ohio, for plaintiff.

John K. Rose, Cincinnati, Ohio, for defendant.

## DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION TO VACATE THE SENTENCE WHICH THE COURT IMPOSED ON RICHARDS ELECTRIC SUPPLY CO., INC.

RICE, District Judge.

This cause is before the Court on Plaintiff's Motion to Vacate the Sentence (Doc. # 47) which this Court imposed upon Defendant Richards Electric Supply Co., Inc. ("Richards Electric"). *See* Rule 35, Fed.R. Crim.P. Richards Electric, along with four other corporations and five individuals, was indicted for price fixing in the electrical supply business in the Dayton, Ohio area.

Subsequently, Richards Electric appeared in open court and plead guilty to the charge in the indictment. On March 9, 1984, this Court imposed sentence on Richards Electric. This Court imposed a fine of $150,000, to be paid over an eighteen month period. The Court added the proviso that Richards Electric could reduce the fine by hiring and keeping on its payroll a number of probationers or parolees from the Hamilton County area.[1]

---

1. This Court said:

    Secondly—and the second modification is this: That the defendant company can reduce the amount of its obligation by hiring and keeping on its payroll a certain number of probationers or parolees from the Hamilton County area, who are to be paid the prevailing or minimum wage, whichever is agreed upon, wage rate. These people are not to be kept on the payroll as a means to simply discharge

Plaintiff then filed the instant Motion, seeking to have the Court vacate the sentence imposed upon Richards Electric. Plaintiff argues that neither the Sherman Act, 15 U.S.C. § 1, nor the Probation Act, 18 U.S.C. § 3651, authorizes the Court to provide for a reduction of Richards Electric's fine in the manner that the Court so provided. Plaintiff contends that under the Probation Act, 18 U.S.C. § 3651, the Court has authority to require only three types of payments: fines payable to the United States Treasury, restitution to aggrieved persons who are damaged by the offenses and support to persons whom the defendant is legally obligated to support.[2] Plaintiff argues that allowing Richards Electric to reduce its fine by amounts it expends in hiring, retaining and training Hamilton County area probationers and parolees is a payment not authorized by the Act. In making its argument, Plaintiff relies on decisions by the Fourth and Tenth Circuits, *United States v. Wright Contracting Co.,* 728 F.2d 648 (4th Cir.1984); *United States v. Prescon Corp.,* 695 F.2d 1236 (10th Cir. 1982); *United States v. Clovis Retail Liquor Dealers Trade Association,* 540 F.2d 1389 (10th Cir.1976).

The Court has considered Plaintiff's Motion and Richards Electric's Memorandum Contra (Doc. # 53) and concludes that the sentence which it imposed upon Richards Electric is lawful. Accordingly, the Court overrules Plaintiff's Motion.

■ First, in the Court's opinion, the Probation Act does not apply to the sentence imposed upon Richards Electric. The Court did not place Richards Electric on probation. The Court fined Richards Electric and gave it the option of reducing that fine by hiring and retaining on its payroll certain Hamilton County area parolees and probationers. Section 1 of the Sherman Act, 15 U.S.C. § 1, authorizes the Court to impose a fine on Richards Electric. Hence, reliance on the Probation Act for authority to fine Richards Electric is unnecessary. In this manner, the present case is distinguishable from *United States v. Wright Contracting, supra; United States v. Prescon Corp., supra* and *United States v. Clovis Retail Liquor Dealers Trade Association, supra.*[3]

■ Second, assuming *arguendo* that the Probation Act does apply, the sentence that this Court imposed upon Richards Electric does not violate the Act. This Court is not willing to read the Probation Act as narrowly as Plaintiff suggests. On the contrary, this Court concurs with the statement made by Judge Edelstein in

your obligation to the Government, but they should be given meaningful training and they should be given the opportunity to become integrated into the ways of business so that they can help you, Mr. Misrach, and help your business and so that they can help themselves to lead decent productive lives.

This is purely as an example. If one of these individuals should be paid a total of $10,000 over the course of the eighteen months, then that would reduce your obligation to the United States Government from $150,000 to $140,-000.

Transcript of March 9, 1984 Proceedings (Doc. # 54) at 9.

**2.** Section 3651 provides, in part:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the impo-

sition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

\*    \*    \*    \*    \*    \*

While on probation and among the conditions thereof, the defendant—

May be required to pay a fine in one or several sums; and

May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and

May be required to provide for the support of any persons, for whose support he is legally responsible.

**3.** In each of those cases the appellate court reversed a sentence which, in part, required a payment to some third party who was not an aggrieved party. In each instance, the district court conditioned probation on the payment, and the appellate court concluded that the sentence violated the Probation Act.

*United States v. Danilow Pastry Co., Inc.,*
563 F.Supp. 1159 (S.D.N.Y.1983):

> Courts have broad discretion under § 3651 to impose probation as long as the conditions bear " 'a reasonable relationship to the treatment of the accused and the protection of the public.' " *United States v. Pastore,* [537 F.2d 675, 680 (2d Cir.1976)], quoting, *Porth v. Templar,* [453 F.2d 330, 333 (10th Cir.1971)]. Additionally, as the court in *United States v. Pastore* stated in discussing the language of § 3651: "[i]t would be hard to use more general words than 'upon such terms and conditions as the court deems best.' " *Id.*

563 F.Supp. at 1169.

Similarly, the Court in *United States v. William Anderson Co., Inc.,* 698 F.2d 911 (8th Cir.1982), addressed and rejected the same argument that the Plaintiff makes herein.[4]

> The Government's argument is that no payment of money to any party other than the Treasury may be required except as provided in this paragraph. It is said that this paragraph is exclusive, that the *maxim expressio unius exclusio alterius* governs. We do not find this contention convincing. When specifying certain particular terms as includible "among" the conditions of probation, the statute simply wishes to put beyond question *per cautelam* the propriety of the particular terms specified. The meaning is the same as if the familiar corporate draftsman's locution "including but not limited to" had been used.

698 F.2d at 914 (footnote omitted).

▮ This Court is persuaded by the reasoning in *United States v. Danilow Pastry Co., supra* and *United States v. William Anderson Co., supra.* Consequently, the Court concludes that courts are not limited to the specific types of monetary payments listed in the Act. Rather, the types of payments listed are merely illustrative. This Court holds that as long as there was a rational relationship between the fine, which the Court imposed upon Richards Electric, and the treatment of the accused and protection of society, *United States v. Danilow Pastry, supra,* the fine does not violate the Probation Act.

The Court acknowledges that there is contrary authority. *United States v. Wright Contracting, supra; United States v. Prescon Corp., supra; United States v. Clovis Retail Liquor Dealers Trade Association, supra.* See also *United States v. Turner,* 628 F.2d 461 (5th Cir.1980), *cert. denied,* 451 U.S. 988, 101 S.Ct. 2325, 68 L.Ed.2d 847 (1981) (Requiring a defendant to pay for court-appointed attorney as a condition of probation violates the Probation Act.); *United States v. Jimenez,* 600 F.2d 1172 (5th Cir.), *cert. denied,* 444 U.S. 903, 100 S.Ct. 216, 62 L.Ed.2d 140 (1979) (same). Nonetheless, the Court will follow *United States v. Danilow Pastry, supra,* and *United States v. William Anderson Co., supra.* As those courts pointed out, the Probation Act provides that the listed payments are "among" the conditions of probation that a court may impose. Plaintiff does not suggest that the conditions of probation which a court may impose are limited to those set forth in § 3651. Indeed, no court would so limit a courts' discretion. *See e.g., United States v. Prescon Corp., supra,* 695 F.2d at 1242 ("We do not suggest that listing of the four specific conditions of probation 'closes the door' to other conditions.") Additionally, sentences such as the one herein are necessary for dealing with the "troublesome area" of sentencing corporate criminal defendants. *United States v. Mitsubishi International Corp.,* 677 F.2d 785, 787 (9th Cir.1982) (Approving "creative" condition of probation which required corporate defendant to loan executive to community service agency for one year). *See*

**4.** The Eighth Circuit has recently considered the Plaintiff's arguments *en banc. United States v. Missouri Valley Construction Company,* 741 F.2d 1542 (8 Cir.1984). However, the Eighth Circuit has yet to issue its decision in that case. This Court notes that in *Missouri Valley Construction Co.,* the district court and a panel of the appellate court rejected the arguments that Plaintiff raises herein.

*also United States v. William Anderson Co., supra; United States v. Danilow Pastry Co., supra.*

Based upon the foregoing, Plaintiff's Motion to Vacate the Sentence is overruled.